IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ,<br><br>             Plaintiff,<br><br>   v.<br><br>CITY OF AURORA, and AURORA POLICE OFFICERS MATTHEW THOMAS MEYERS (# unknown) and C. MCCUE (# unknown),<br><br>             Defendants. | Case No: 21-cv-2211<br><br>Judge: Manish S. Shah<br><br>Mag. Judge: Hon. Jeffrey Cummings<br><br><br><br>**JURY TRIAL DEMANDED** |

## JOINT INITIAL STATUS REPORT

1. The Nature of the Case

    a. Identify the attorneys of record for each party, including the lead trial attorney.

Plaintiff George Gutierrez – Daniel Massoglia (lead trial attorney)
Defendants C. McCue, Matthew Thomas Meyers, City of Aurora – John Murphey (lead trial attorney)

    b. State the basis for federal jurisdiction.

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and the Judicial Code, 28 U.S.C. §1331 and §1343(a). The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

    c. Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff alleges that he was wrongfully seized, falsely arrested, assaulted, battered, and subjected to excessive force by defendant officers during the course of a pretextual traffic stop that was unreasonably extended when Defendant Officers discovered that Plaintiff was listed on a violent offender registry for a conviction in the early 1990s (the sentence and terms of parole of which were completed satisfactorily.) He further brings an indemnity claim against the City of Aurora.

Defendants have not yet answered or otherwise filed a responsive pleading, and anticipate answering and denying the substantive allegations. Defendants propose that the Answer be filed on or before 8-23-21.

       d. State the major legal and factual issues anticipated in the case.

The parties anticipate that major legal and factual issues will include the reasonableness of the initial traffic stop, the reasonableness of duration of said stop, the reasonableness of the force used against Plaintiff, the presence or absence of probable cause for Plaintiff's arrest, the existence or non-existence of actions comprising assault and battery. The incident has been partially captured on cameras.

       e. Describe the relief sought by the plaintiff(s).

Plaintiff seeks compensatory and punitive damages for his injuries and Defendant Officers' conduct as set forth in his Complaint. Plaintiff, however, also is amenable to relevant stakeholders in the Aurora area engaging in a restorative and transformative justice process in the form of a public forum on policing and police reform, in exchange for the satisfactory completion of which he would agree to forego prosecution of his suit and dismiss with prejudice.

2. Pending Motions and Case Plan

       a. Identify all pending motions

There are no pending motions.

       b. Submit a proposal for a discovery plan, including the following information:

              i. The general type of discovery needed;

Parties will need written and oral fact discovery regarding the events near and outside Plaintiff's home the date of the incident. Additionally, parties anticipate fact discovery into Defendant's disciplinary history, knowledge, and events of that day; City policies and directives relevant to use of force, traffic stops, arrest, and prosecution. Parties also anticipate discovery into the nature of Plaintiff's injuries.

              ii. A date for Rule 26(a)(1) disclosures;

Rule 26(a)(1) disclosures will be due within 14 days of the filing of Defendants' Answer(s) or responsive pleading.

              iii. A date to issue written discovery;

Written discovery will be issued within two months of Rule 26(a)(1) disclosures.

              iv. A fact discovery completion date;

Fact discovery will conclude within 6 months of Rule 26(a)(1) disclosures.

> v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

The parties are unsure at this preliminary stage of the need for expert discovery, and will update the court with proposed schedules at the close of fact discovery or at such earlier time as the need becomes clear.

> vi. A date for the filing of dispositive motions.

The parties will file dispositive motions within two months of the close of discovery.

> c. With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

> A jury trial is requested and will likely last 2-3 days.

3. Consent to Proceed Before a Magistrate Judge

> a. Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

The parties do not unanimously consent to proceed before a magistrate judge.

4. Status of Settlement Discussions

> a. Indicate whether any settlement discussions have occurred;

The parties have had a preliminary discussion regarding the potential for resolving the matter through a restorative process like a public forum as described above, but have not taken any tangible steps towards this outcome.

> b. Describe the status of any settlement discussions; and

No tangible steps have been made towards settlement.

> c. Whether the parties request a settlement conference.

The parties do not request a settlement conference at this time.

Dated: August 16, 2021

Respectfully Submitted,

/s/Daniel E. Massoglia

*One of Plaintiff's Attorneys*

/s/John Murphey (with consent)

*Attorney for Defendants*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

John Murphey
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 W. 95th St.
Evergreen Park, IL 60805
P: 708-424-5678
E: jmurphey@osmfm.com

CERTIFICATE OF SERVICE

      I, Daniel E. Massoglia, an attorney, hereby certify that a copy of this *Joint Initial Status Report* was filed before 11:59pm on 8/__/21 using the Court's CM/ECF filing system, which generates electronic notice to all parties of record in the case.

      Respectfully submitted,

      /s/Daniel E. Massoglia
      *One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org