UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF AURORA, AURORA POLICE ) <br> OFFICERS MATTHEW THOMAS ) <br> MEYERS (# unknown) and C. McCUE ) <br> (# unknown), ) <br> ) <br> Defendants. ) | CASE NO.: 1:21-cv-02211 <br><br> Honorable Judge Manish S. Shah |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

In support of their Motion for Summary Judgment, brought pursuant to Federal Rule of Civil Procedure 56(b), DEFENDANTS, MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA present the following Statement of Material Facts, pursuant to local Rule 56.1:

**Incident on April 26, 2020**

1. On April 26, 2020, Officer Meyers pulled Plaintiff over for failure to display a turn signal within one hundred feet of an intersection. [Deposition of Officer Meyers attached hereto as Exhibit A, pp. 21:8-17, 26:7 – 32:4; Officer Meyers' dash cam footage attached hereto as Exhibit B; November 19, 2021 Criminal Trial Transcript attached hereto as Exhibit C, pp. 7:19-24; 11:4 – 19, 15:5 -16:16.]

2. Upon approach, Officer Meyers observed Plaintiff's vehicle had tinted windows and observed Plaintiff displaying nervous behavior. [Ex. C, pp. 18:21 - 19:20, 20:4 – 6.]

3. Officer Meyers made contact with Plaintiff, advised Plaintiff why he had pulled Plaintiff over and asked for Plaintiff's driver's license. [E. B, Ex. C. pp. 16:17 – 17:20.]

4. Officer Meyers took Plaintiff's driver's license back to his squad car to determine Plaintiff's status including whether there were any cautions and/or warrants out for Plaintiff's arrest. [Ex. A, 36:12 – 20; Ex, B, Ex. C, pp. 17:21 – 18:4.]

5. Officer Meyers determined that Plaintiff was a registered violent offender and a documented gang member. [Ex. A, pp. 39:7 – 40:2; Ex. C, pp. 18:5- 10; Deposition of George Gutierrez attached hereto as Exhibit E, p. 125:1 - 17.]

6. While Officer Meyers was running Plaintiff's driver's license through the Aurora Police Department's system, Officer McCue came on the scene. [Ex. A, 87:3 – 21; Ex. C, pp. 18:16 – 20.]

7. As Officer Meyers reapproached Plaintiff's vehicle, he again observed that Plaintiff's vehicle had tinted windows and observed for a second time Plaintiff's nervous behavior. [Ex. A, 41:20 – 43:12; Ex. C, pp. 18:21 - 19:20, 20:4 – 6.]

8. Due to the tint on the Plaintiff's vehicle's windows, Officer Meyers and Officer McCue were unable to see clearly into the vehicle. [Ex. A, 41:20 – 43:12; Ex. C, pp. 19:9-13, 20:8 – 18, 61:3-5, Deposition of Officer McCue attached hereto as Exhibit F, p. 23:4-6.]

9. The tinted windows combined with Plaintiff's nervous behavior made Officer Meyers fear for his safety, so Officer Meyers asked Plaintiff to step out of his vehicle. [Ex A, p. 38: 4 – 9; 41:20 – 43:12; 45:5 – 7 47:8 – 17, 87:3 – 21; Ex. C, p. 20:7 – 18, 23:20 – 24:7, 46:9 – 22, Deposition of Cynthia Yanez attached hereto as Exhibit G, pp. 13:1 – 15:4, Deposition of Juanita Yanez attached hereto as Exhibit H, pp. 13:1 – 14:16, Bystander Videos attached hereto as Group Exhibit I.]

10. Plaintiff refused and asked for a supervisor; Officer McCue called for the supervisor. [Ex. A, 87:3 – 21; Ex B; Ex. C, p. 20:19-22, 21:14 – 20, 50:11 – 20, 62:2 – 63:13; Ex. E, 34:24 – 36:3, 44:6-21, Ex. G, pp. 13:1 – 15:4, Ex. H, pp. 13:1 – 14:16,

11. Officer Meyers told Plaintiff his supervisor was coming and also told Plaintiff that he would still have to follow Officer Meyers' order to exit the vehicle. [Ex. A, 87:3 – 21; Ex. B, Ex. C, pp. 50:11 – 51:12, Group Ex. I.]

12. For approximately eight minutes, Officer Meyers ordered Plaintiff approximately ten times to step out of his vehicle and, each time, Plaintiff refused to do so. [Ex. A, 87:3 – 21; Ex. B, Ex. C, pp. 20:23 – 21:13, 22: 14 – 17, 46:5- 8, 47: 4 – 13, 62:2 – 63:13, Ex. E, 34:24 – 36:3, 44:6-21, Ex. G, pp. 13:1 – 15:4, Ex. H, pp. 13:1 – 14:16, Group Ex. I.]

13. During this second exchange, a group of people exited Plaintiff's home and approached where the traffic stop was being conducted and began gathering behind Officer Meyers. [Ex. A, 53:9 – 21; Ex. B, Ex. C, pp. 21:24 – 22:4, Group Ex. I.]

14. Officer Meyers could not see the group of people clearly and did not know who they were, which also made Officer Meyers concerned for his safety. [Ex. A, 52:23 – 53:21; Ex. B, Ex. C, p. 22:5 -13.]

15. Plaintiff began yelling at the people behind Officer Meyers and escalated the situation by rolling up his window. [Ex. A, 52:23 – 53:21; Ex. B, Ex. C, pp. 22:18 – 23:4, Ex. E, pp. 52:3 – 55:12, Ex. F, p. 25:15 – 25, Ex. G, pp. 13:1 – 15:4, Ex. H, pp. 13:1 – 14:16, Group Ex. I.]

16. Officer Meyers ordered Plaintiff to stop rolling up the vehicle's window. [Ex. A, 87:3 – 21, Ex. B, Ex. C, p. 23:5-9, 62:2 – 63:13, Ex. E, pp. 52:3 – 55:12, Ex. G, pp. 13:1 – 15:4, Group Ex. I.]

17. Plaintiff did not obey Officer Meyer's order. [Ex. A, 87:3 – 21; Ex. B; Ex. C, p. 23: 8 – 9, 62:2 – 63:13, 90:24 - 92:15, Ex. E, pp. 52:3 – 55:12, Ex. G, pp. 13:1 – 15:4, Ex. H, pp. 13:1 – 14:16, Group Ex. I.]

18. Officer Meyers continued to order Plaintiff to stop rolling up his window and Plaintiff continued to disobey Officer Meyers orders. [Ex. A, 87:3 – 21; Ex. B; Ex. C, p. 23: 8-15, 62:2 – 63:13, 90:24 - 92:15, Ex. E, pp. 52:3 – 55:12. Ex. G, pp. 13:1 – 15:4, Ex. H, pp. 13:1 – 14:16, Group Ex. I.]

19. Because Plaintiff continued to roll up his window, Officer Meyers put his hands on the vehicle's window and subsequently broke the vehicle's window before his fingers were crushed by the window. [Ex. A, 87:3 – 21; Ex. B; Ex. C, p. 23: 8-15, 62:2 – 63:13, Ex. E, pp. 52:3 – 55:12, 58:1 – 24, Ex. H, pp. 13:1 – 14:16, Group Ex. I.]

20. After the window was broken, Officer Meyers again ordered Plaintiff out of the vehicle. [Ex. A, 87:3 – 21; Ex. B; Ex. C, p. 24:8 – 11, 90:24 - 92:15, Group Ex. I.]

21. Plaintiff again refused to get out of the vehicle. [Ex. A, 87:3 – 21; Ex. B; Ex. C, p. 24: 8- 11, 90:24 - 92:15, Ex. F, p. 27:2 – 23, Ex. G, pp. 13:1 – 15:4, Ex. H, pp. 13:1 – 14:16. Group Ex. I.]

22. Because Plaintiff again refused to get out of the vehicle, Officer Meyers unlocked the vehicle's driver's side door and he and Officer McCue overcame Plaintiff's resistance by forcibly removing Plaintiff from the vehicle. [Ex. A, 63:6 – 7, 70:6-10, 83:1-2; Ex. C, pp. 24:8 – 25:16, 53:11 – 19, Ex. E, pp. 68:18 – 69:23, Ex. F, 33:25 – 34:1, 62:17 – 63:1, Ex. H, pp. 13:1 – 14:16 Group Ex. I.]

23. In order to gain control of Plaintiff for handcuffing, the Officers pushed Plaintiff against the van parked next to Plaintiff's vehicle. [Ex. A, 63:6 – 7, 70:6-10, 83:1-2; Ex. C, pp. 24:8

– 25:16, 53:11 – 19, Ex. E, pp. 68:18 – 69:23, Ex. F, 33:25 – 34:1, 62:17 – 63:1, Ex. H, pp. 13:1 – 14:16 Group Ex. I.]

24. This also allowed Officer Meyers to see the group of people that had gathered behind him in his peripheral vision. Ex. A, 63:6 – 7, 70:6-10, 83:1-2; Ex. C, pp. 24:8 – 25:16, 53:11 – 19, Ex. E, pp. 68:18 – 69:23, Ex. F, 33:25 – 34:1, 62:17 – 63:1, Ex. H, pp. 13:1 – 14:16 Group Ex. I.]

25. Removing Plaintiff from the vehicle and pushing him against the van to handcuff him happened very quickly—within approximately two seconds. [Ex. A, 58:2 – 5, Ex. E, 69. 10 – 12, Group Ex. I.]

26. Plaintiff bumped the right side of his forehead on the van window. [Ex. A, 71:14-15; Ex. C, p. 25:17-19, Ex. E, 69:16-23, 72:19 – 22, Group Ex. I.]

27. Neither Officer Meyers nor Officer McCue pushed Plaintiff's head into the van's window. [Ex. C, pp. 53:24 – 54:4.]

28. Plaintiff was offered medical attention but refused it. [Ex. B, Ex. C, p. 20 – 24, Ex. E, p. 137:8 -13.]

29. Plaintiff's nervous behavior, Officer Meyers' inability to see clearly through the tinted windows and Plaintiff's continued refusal to obey Officer Meyers' orders to step out of the car, in addition to the group of people forming behind him whom he did not know, caused Officer Meyers to fear for his safety. [Ex. A, p. 73:21-25, 87:3 – 21; Ex. B; Ex. C, pp. 34:24 – 35:22.]

**Charges and Conviction**

30. Plaintiff was charged with failure to display a turn signal within one hundred feet of an intersection, having illegal tint on his windows, and obstruction of a police officer. [January 4, 2022 Trial Transcript, attached hereto as Exhibit D, pp. 153:11 – 154:3.

31. A bench trial on Plaintiff's charges was held in the criminal courts of Kane County Illinois. [See generally Exs. C & D.]

32. Plaintiff was found guilty on all counts. [Ex. D, pp. 154:4 – 160:20, Ex. E, 8:4-7]

33. The criminal court found that Plaintiff had illegally signaled to turn within a hundred feet of an intersection and Officer Meyers had a lawful reason to pull Plaintiff over. [Ex. D, pp. 154:4 – 155:6, Ex. E, p. 11:18 – 24.]

34. In addition, the criminal court found that Officer Meyers, after running Plaintiff's background, was equipped with additional information regarding Plaintiff, gave Plaintiff several lawful orders to step out of the vehicle and because Plaintiff repeatedly refused to do so, Officer Meyers had a legitimate reason to fear for his safety. Thus, Plaintiff was found guilty of obstructing a police officer. [Ex. D, pp. 155:17 – 160:20, Ex. E, p. 11:18 – 24.]

35. Plaintiff's criminal appeal, No. 2-22-1050, was dismissed on August 8, 2022. Plaintiff has not moved the Illinois Second District Appellate Court to vacate the dismissal and does not intend to do so. [DKT. No. 34.]

Respectfully submitted,

MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA

By:    s/Deborah A. Ostvig
       One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5300
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com
K:\359 - Gutierrez\Pleadings\MSJ\Defendants' Local Rule 56.1 Statement of Material Facts - 01-18-2023.docx