UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.: 1:21-cv-02211 |
| ) | |
| CITY OF AURORA, AURORA POLICE ) | Honorable Judge Manish S. Shah |
| OFFICERS MATTHEW THOMAS ) | |
| MEYERS (# unknown) and C. McCUE ) | |
| (# unknown), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR RULE 56(b) MOTION FOR SUMMARY JUDGMENT**

DEFENDANTS MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA (hereinafter, the "Defendants"), by and through one of their attorneys DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., have filed their Rule 56(b) Motion for Summary Judgment and their Local Rule 56.1 Statement of Material Facts, with references to the record. Defendants hereby submit this Memorandum in Support of their Motion for Summary Judgment for the Court's consideration.

**INTRODUCTION**

Officer Meyers and Officer McCue, dealing with Plaintiff's continuous non-compliant behavior, were forced to make a split-second decision in tense, uncertain and rapidly evolving circumstances. Because Plaintiff refused to exit his car, the Officers had to forcibly remove him to effectuate his arrest. The Officers use of force in those circumstances was reasonable and thereby passes scrutiny under both a Fourth Amendment and a qualified immunity analysis requiring dismissal of Plaintiff's claims for unlawful seizure, false arrest, excessive force and failure to intervene, respectively. Additionally, Plaintiff was convicted of failure to display a turn signal

within one hundred feet of an intersection, having illegal tint on his windows, and obstruction of a police officer. As a result, his Section 1983 unlawful seizure and false arrest claims are also barred by *Heck*. Moreover, the evidence establishes that Officer Meyers and Officer McCue did not have any realistic opportunity to intervene when Plaintiff was removed from his vehicle and handcuffed, another basis for dismissal of Plaintiff's claims for failure to intervene. As such, this Court should grant Defendants' motion for summary judgment and dismiss this matter in its entirety with prejudice.

### ***Summary Judgment***

Summary judgment is proper when the pleadings and evidence before the Court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Celotex Corp., vs. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).

On a motion for summary judgment, it is incumbent upon the opponent to present some evidence to show that he has a case to take to the jury, and summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element necessary to that party's case, and in which the party will bear the burden of proof at trial". *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552-53 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position is not sufficient to successfully oppose summary judgment, and "there must be evidence on which the jury could reasonably find for the plaintiff". *Valentine v. Joliet Township High School,* 803 F.2d 981, 986 (7th Cir. 1986).

Material facts are facts that "might affect the outcome of the suit" under the applicable substantive law. *Lawrence v. Kenosha County,* 391 F.3d 837, 841-42 (7th Cir. 2004). The plaintiff must do more than simply "show that there is some metaphysical doubt as to the material facts"

and "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'". *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). While the court should not ignore any genuine issues of fact, nor should it "strain to find material fact issues where there are none". *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

Additionally, when the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape. *Scott v. Harris*, 550 U.S. 372, 379–80, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). *See also Williams v. Brooks*, 809 F.3d 936 (7th Cir. 2016); *Williams v. Norfolk Southern Corporation*, 919 F.3d 469 (7th Cir. 2019)

## **STATEMENT OF FACTS**

The Defendants have filed their Local Rule 56.1 Statement of Material Facts in support of their Motion for Summary Judgment. Those facts are briefly summarized as follows:

On April 26, 2020, Officer Meyers pulled Plaintiff over for failure to display a turn signal within one hundred feet of an intersection. [LR 56.1 Statement, para. 1.] Upon approach, Officer Meyers observed Plaintiff's vehicle had tinted windows and observed Plaintiff displaying nervous behavior. [LR 56.1 Statement, paras. 5 & 6.] After making contact with Plaintiff, Officer Meyers ran Plaintiff's driver's license and determined that Plaintiff was a registered violent offender and a documented gang member. [LR 56.1 Statement, paras. 3 - 5.] While Officer Meyers was in his squad car, Officer McCue came on the scene. [LR 56.1 Statement, para. 6.]

Officer Meyers reapproached Plaintiff, again observing the tinted windows and Plaintiff's nervous behavior. [LR 56.1 Statement, paras. 7 - 8.] The tinted windows, which obscured the Officers' view into Plaintiff's vehicle, combined with Plaintiff's nervous behavior, made Officer

3

Meyers fear for his safety, so Officer Meyers asked Plaintiff to step out of his vehicle. [LR 56.1 Statement, paras. 8 - 9.] Plaintiff refused to exit his vehicle. [LR 56.1 Statement, para. 10.] For approximately eight minutes, Officer Meyers ordered Plaintiff approximately ten times to step out of his vehicle and, each time, Plaintiff refused to do so. [LR 56.1 Statement, para. 12.]

During Officer Meyers' second exchange with Plaintiff, people gathered behind Officer Meyers, which increased Officer Meyers' concern for his safety. [LR 56.1 Statement, paras. 13 - 14.] Plaintiff began yelling at the people behind Officer Meyers and escalated the situation by rolling up the vehicle's window. [LR 56.1 Statement, para. 15.] Officer Meyers ordered Plaintiff to stop rolling up his window, but Plaintiff did not obey Officer Meyers' order. [LR 56.1 Statement, paras. 16 - 17.] Officer Meyers continued to order Plaintiff to stop rolling up his window and Plaintiff continued to disobey Officer Meyers orders. [LR 56.1 Statement, para. 18.] Because Plaintiff continued to roll up his window, Officer Meyers put his hands on the vehicle's window and subsequently broke the vehicle's window before his fingers were crushed by the closing window. [LR 56.1 Statement, para. 19.]

After the window was broken, Officer Meyers again ordered Plaintiff out of the vehicle. [LR 56.1 Statement, para. 20.] Plaintiff refused to get out of the vehicle. [LR 56.1 Statement, para. 21.] Because Plaintiff again refused to get out of the vehicle, Officer Meyers unlocked the vehicle's driver's side door and he and Officer McCue overcame Plaintiff's resistance by forcibly removing Plaintiff from the vehicle. [LR 56.1 Statement, para. 22.] In order to gain control of Plaintiff for handcuffing, the Officers pushed Plaintiff against the van parked next to Plaintiff's vehicle. [LR 56.1 Statement, para. 23.] Removing Plaintiff from the vehicle and pushing him against the van to handcuff him happened very quickly—within approximately two seconds. [LR 56.1 Statement, para. 25.] Plaintiff bumped the right side of his forehead on the van window. [LR 56.1 Statement,

4

paras. 26 - 27.] Plaintiff was offered medical attention but refused it. [LR 56.1 Statement, para. 28.]

Plaintiff's nervous behavior, Officer Meyers' inability to see clearly through the tinted windows and Plaintiff's continued refusal to obey Officer Meyers' orders to step out of the car, in addition to the group of people forming behind him whom he did not know, caused Officer Meyers to fear for his safety. [LR 56.1 Statement, para. 29.]

Plaintiff was charged with failure to display a turn signal within one hundred feet of an intersection, having illegal tint on his windows, and obstruction of a police officer. [LR 56.1 Statement, para. 30.] At a bench trial, Plaintiff was found guilty on all counts. [LR 56.1 Statement, paras. 31 - 34.] Plaintiff's criminal appeal, No. 2-22-1050, was dismissed on August 8, 2022. Plaintiff has not moved the Illinois Second District Appellate Court to vacate the dismissal and does not intend to do so. [LR 56.1 Statement, para. 35.]

## ARGUMENT

### I. Plaintiff's Section 1983 Unlawful Seizure and False Arrest Claims are barred by *Heck*.

Plaintiff's Section 1983 unlawful seizure and false arrest claims fail because, in essence, Plaintiff claims put into question the validity of his underlying, uncontested criminal conviction. The Supreme Court in *Heck v. Humphrey,* 512 U.S. 477 (1994), addressing this issue, stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

> dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (footnotes omitted). Additionally, when a Plaintiff's conviction stands, he is confined to a version of facts that does not undermine the conviction. *Tolliver v. City of Chicago*, 820 F.3d 237 (7th Cir. 2016).

Here, Plaintiff was convicted of displaying a signal within a hundred feet of an intersection, having illegal tint on his windows, and obstruction of a police officer. [LR 56.1 Statement, paras. 30-34.] Specifically, the criminal court found that Plaintiff had illegally signaled to turn within a hundred feet of an intersection and Officer Meyers had a lawful reason to pull Plaintiff over. [LR 56.1 Statement, para. 33.] In addition, the criminal court found that Officer Meyers, after running Plaintiff's background, was equipped with additional information regarding Plaintiff, gave Plaintiff several lawful orders to step out of the vehicle and because Plaintiff repeatedly refused to do so, Officer Meyers had a legitimate reason to fear for his safety. [LR 56.1 Statement, para. 34.] Thus, Plaintiff was found guilty of obstructing a police officer. [LR 56.1 Statement, para. 34.] Plaintiff's claims that Officer Meyers did not have reasonable suspicion or probable cause to believe that Plaintiff had committed an offense and that Plaintiff was detained without reasonable suspicion or probable cause, completely undermines the bases of his conviction.

Illustrative is *Tolliver v. City of Chicago*, 820 F.3d 237 (7th Cir. 2016). The Plaintiff in *Tolliver* pled guilty to aggravated battery of a peace officer but claimed in his civil suit that the defendant officers used excessive force "in shooting him before the car began moving and in continuing to shoot him as his car rolled slowly in the direction [of one of the officers]." *Tolliver*, 820 F.3d. at 241. The Seventh Circuit determined that "if a finder of fact were to accept [Tolliver's]

version of the event, the officers shot him as he sat impassively in his car, posing no threat to the officers." *Tolliver*, 820 F.3d. at 241. The Seventh Circuit continued that under that set of facts, Tolliver could not have been guilty of aggravated battery. *Id.* Thus the Seventh Circuit found that because Tolliver's version of the facts implied the invalidity of his conviction for aggravated battery, his civil claims were barred by *Heck*. *Id.*

Similarly here, Plaintiff's claims, like the plaintiff in Tolliver, not only imply the invalidity of Plaintiff's conviction, but Plaintiff, like the plaintiff in Tolliver, could never have been convicted on his version of the facts. Therefore, this Court should grant summary judgment in the Defendants' favor and dismiss the Unlawful Seizure and False Arrest claims of Plaintiff's Complaint with prejudice.

## II. The Officers' Use of Force Was Reasonable Under the Fourth Amendment.

Plaintiff's excessive force claim fails because the evidence demonstrates that Defendant Officers' use of force was reasonable.

A claim that a law enforcement officer used excessive force when effectuating an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). An officer's determination of the appropriate level of force to use must be measured from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) *citing Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)(the facts of the matter should not be viewed with hindsight's distorting lens).

When assessing whether the amount of police force was reasonable, the court looks to circumstances indicating (1) the severity of the suspected crime, (2) whether the suspect posed an

immediate threat to the officer on the scene or other, and (3) whether the suspect was actively resisting or attempting to evade arrest. *Avina v. Bohlen*, 882 F.3d at 678. *See also Graham v. Connor*, 490 U.S. 386, 396 (1989). The court's goal in examining these factors is to determine whether the force used to seize the suspect was excessive in relation to the danger he posed if left unattended. *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (citation and quotations omitted). If the undisputed material facts establish that the officer acted reasonably under the circumstances, the court must resolve the issue as a matter of law, rather than allow a jury to "second-guess" the officer's action. *Id.* (citing *Bell v. Irwin*, 321 F.3d 637, 640 (7th Cir. 2003)). Analysis of excessive-force claims is an objective one based on the information the officers had at the time. *Id.*

The totality of the circumstances, including the pressures of time and duress, and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances must be considered. *Horton v. Pobjecky, et al*, 883 F.3d 941, 948 (7th Cir. 2003). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Nabors v. City of North Chicago,* 2021 WL 5493234, *8 (N.D. Ill. 2021)(slip copy) *citing Graham*, 490 at 396–97, 109 S.Ct. 1865.

The undisputed facts in this matter demonstrate, even when viewing them in the light most favorable to the Plaintiff, that the Defendant Officers' use of force was reasonable. At the time of the incident, Officer Meyers knew that Plaintiff was a registered violent offender and gang member, who, for almost the entire duration of their interaction, had been non-compliant. Plaintiff refused to exit his vehicle even after being ordered to do so several times. Plaintiff also failed to

8

stop rolling up his window when ordered to do so. Even after his car window had been broken, Plaintiff again refused to exit his vehicle.

It was under this set of circumstances that Officer Meyers unlocked the vehicle, and the Defendant Officers made the split-second decision to remove Plaintiff from his vehicle and to push him against a van to assist in handcuffing him. Based on these facts, the Defendant Officers use of force was reasonable. *See e.g. Nabors v. City of North Chicago,* 2021 WL 5493234 (N.D. Ill. 2021)(slip copy)(the court found the officers' use of force was reasonable where the amount of physical force used by the defendant officers was brief and tailored to the objective of handcuffing the plaintiff.) *See also Williams v. Brooks*, 809 F.3d 936 (7th Cir. 2016)(reasonable amount of force was used when plaintiff refused to follow the defendant officer's orders.) Thus, based on the above, this Court should grant summary judgment in the Defendants' favor as to Count III of Plaintiff's Complaint.

### *Plaintiff's civil battery claim.*

Plaintiff also claims civil battery against the Defendant Officers. In Illinois, a battery is the unauthorized touching of the person of another and is an intentional tort. *Fiala v. Bickford Sr. Living Group, LLC*, 2015 IL App (2d) 150067, 43 N.E.3d 1234, 1240 (2nd Dist. 2015). Here, because the Defendant Officers had probable cause to arrest Plaintiff for obstruction, they were authorized to handcuff and arrest Plaintiff. Thus, Plaintiff's civil battery claim against the Defendant Officers fails and this Court should grant summary judgment as to Count V of Plaintiff's Complaint.

### III. Plaintiff's failure to intervene claims fail because the Defendant Officers did not have any realistic opportunity to intervene.

An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under §1983 if that officer had reason

9

to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Doxtator v. O'Brien,* 39 F.4th 852, 864 (7th Cir. 2022) (citations omitted). In sum, an officer must know that a citizen's rights are being infringed, and he must have a "realistic opportunity" to intervene. *Doxtator* 39 F.4th at 865.). The Seventh Circuit "has implied that a 'realistic opportunity to intervene' may exist whenever an officer could have called for a backup, called for help, or at least cautioned the excessive force defendant to stop." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2005). "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Doxtator* 39 F.4th at 865 (citations omitted).

Here, in light of Plaintiff's Section 1983 unlawful seizure and false arrest claims, Plaintiff's failure to intervene claims fail because, as illustrated above, the Kane County criminal court determined that the Officers made a lawful arrest and convicted Plaintiff of failure to display a turn signal within one hundred feet of an intersection, having illegal tint on his windows, and obstruction of a police officer. Moreover, because Plaintiff's excessive force claims fail, his failure to intervene claims fail.

However, even if Plaintiff's excessive force claims survive summary judgment, his failure to intervene claims do not. The undisputed facts in this matter demonstrate, even when viewing them in the light most favorable to the Plaintiff, that the Defendant Officers did not have any realistic opportunity to intervene. The time it took the Defendant Officers to remove Plaintiff from his car and push him against the van to handcuff him was approximately two seconds. Neither had

10

a realistic opportunity to have called for a backup, called for help, or cautioned the other. As such, this Court should grant summary judgment in Defendants favor and dismiss Count IV of Plaintiff's complaint with prejudice.

### IV. Officers Meyers and McCue are Entitled to Qualified Immunity

Moreover, Officers Meyers and McCue are entitled to qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Armstrong v. Daily*, 786 F.3d 529, 538 (7th Cir. 2015) citing *Pearson v. Callahan*, 555 U.S. at 231, 129 S.Ct. 808, quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine if the defendants are entitled to qualified immunity, courts ask two questions: (1) whether "the facts alleged show the officer's conduct violated a constitutional right," and (2) whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Armstrong*, 786 F.3d at 538 citing *Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), modified on other grounds by *Pearson*, 555 U.S. at 236, 129 S.Ct. 808 (allowing courts discretion to conduct two-step inquiry in sequence better suited to particular case); accord, *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir.2012).

Here, the Defendant Officers are entitled to qualified immunity because Plaintiff has failed to demonstrate that Defendant Officers violated their constitutional rights under Section 1983 when they used force to handcuff Plaintiff. As noted above, at the time of the incident, Officer Meyers knew that Plaintiff was a registered violent offender and gang member, who for almost the entire duration of their interaction had been non-compliant. Plaintiff refused to exit his vehicle when ordered to do so. Plaintiff also failed to stop rolling up his window when ordered to do so.

11

Even after his car window was broken, Plaintiff again refused to exit his vehicle. It was under this set of circumstances that Officer Meyers unlocked the vehicle, and the Defendant Officers made the split-second decision to remove Plaintiff from his vehicle and to push him against a van to assist in handcuffing him. Thus, under these circumstances, Officers Meyers and McCue are, at the very least, entitled to qualified immunity and this Court should grant Defendants' motion for summary judgment and the Court should dismiss Plaintiff's Complaint with prejudice.

### V. Because Defendant Officers Meyers and McCue are not liable to Plaintiff, the City of Aurora is not liable to Plaintiff.

Under Illinois Law, a municipality is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See* 745 ILCS 10/2-109; 745 ILCS 10/2 2-302; 65 ILCS 5/1-4-6. As Plaintiff has failed to prove his claims against Officers Meyers and McCue, he fails to prove his claims against the City of Aurora. Thus, this Court should grant Defendants' summary judgment motion and dismiss Plaintiff's indemnification claims against the City of Aurora with prejudice.

WHEREFORE, Defendants, MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA, respectfully pray that this Honorable Court enter summary judgment in their favor and against Plaintiff George Gutierrez, inasmuch as there exists no material issues of fact to be determined with regard to the issues stated herein.

                Respectfully submitted,

                MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA

                By:    s/Deborah A. Ostvig
                      One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5300
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com

K:\359 - Gutierrez\Pleadings\MSJ\Defendants' Memo of Law ISO Their MSJ - 01-18-2023.docx