**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE GUTIERREZ, | ) | No. 2021-cv-2211 |
| Plaintiff, | ) | |
| v. | ) | Hon. Judge Manish S. Shah |
| CITY OF AURORA, *et al.*, | ) | |
| Defendants. | ) | Hon. Magistrate Judge Jeffrey Cummings |

**PLAINTIFF'S L.R. 56.1(b)(3)(C) STATEMENT OF ADDITIONAL FACTS
REQUIRING DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff George Gutierrez, by and through his undersigned attorneys, presents the following Statement of Additional Facts Requiring Denial of Defendants' Motion for Summary Judgment pursuant to Local Rule 56.1 of the Federal Rules of Civil Procedure:

**EXHIBITS FOR PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

- Plaintiff's Exhibit 1 – Officer Meyers Dashcam Video
- Plaintiff's Exhibit 2 – Officer Meyers Deposition Transcript
- Plaintiff's Exhibit 3 – C.Y Video
- Plaintiff's Exhibit 4 – Transcript of Criminal Proceeding *People v. Gutierrez*, November 19, 2021 (Day 1)
- Plaintiff's Exhibit 5 – C.Y. Deposition Transcript
- Plaintiff's Exhibit 6 – Transcript of Criminal Proceeding *People v. Gutierrez*, January 4, 2022 (Day 2)
- Plaintiff's Exhibit 7– Juanita Yanez Deposition Transcript
- Plaintiff's Exhibit 8 – Officer McCue Deposition Transcript
- Plaintiff's Exhibit 9 – Diagnosis of Treating Physician Jose Trevino
- Plaintiff's Exhibit 10 – Declaration of George Gutierrez
- Defendants' Exhibit E – Plaintiff George Gutierrez Deposition Transcript (Dkt. 43-4)

**PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS**

1. Defendant Meyers pretextually pulled over Plaintiff George Gutierrez on April 26, 2020 on the basis of his signaling only 80.74 feet before making a turn. *Defendants' Exhibit E, Plaintiff's Deposition pp. 41:9-24 - 42:1-24 – 43:1-7; Exhibit 6, Criminal Trial Transcript Day 2 p. 160:1-4; Exhibit 4, Criminal Trial Transcript Day 1 p. 16:3-7.*

2. Defendant Meyers previously followed George Gutierrez from Lake Street to Jericho Road without his cruiser lights on, turning across lanes of traffic with no signal, stating as justification that Plaintiff "slowed down to a very slow speed and make several brakes prior to making a turn." *Exhibit 2, Meyers Deposition* 28:25 – 29:1-10, 28:2-8.

3. Defendant Meyers pulled over Plaintiff in his driveway and asked for his license, which Plaintiff provided. *Exhibit 1, Dashcam 00:01:08-00:02:02.*

4. Defendant Meyers asked Plaintiff whether he had anything he should worry about or illegal in the car and Plaintiff responded no. *Exhibit 1, Dashcam 00:01:08-00:02:02.*

5. Defendant Meyers ran Plaintiff's license through the LEADS system and discovered that Plaintiff was on the violent offender registry for a decades old offense and had a prior gang affiliation. *Exhibit 1, Dashcam 00:04:40-00:05:12; Exhibit 2, Meyers Deposition pp. 39:22-25 – 40:1-25.*

6. Defendant Meyers stated to another officer, "I'm going to ask him about it" and twice commented as to Plaintiff's demeanor "he's cool," and indicated that he did not need backup. *Exhibit 1, Dashcam 00:04:40-00:05:21, 00:05:45-00:06:07.*

7. Defendant Meyers had not at that point developed any type of reasonable articulable suspicion that Plaintiff was committing another offense outside of the traffic violation. *Exhibit 6, Criminal Trial Transcript Day 2 p. 157:13-18.*

8. Defendant Meyers decided to extend the traffic stop for the sole reason of Plaintiff's status as a registered violent offender. *Exhibit 2, Myers Deposition Transcript p. 37:5-11.*

9. Defendant Meyers approached Plaintiff's vehicle again and immediately requested Plaintiff exit the vehicle, prior to any statements about Plaintiff's alleged nervous actions. *Exhibit 1, Dashcam 00:06:20-00:06:22.*

10. Plaintiff was not acting nervous, remaining calm even after his window had been shattered. *Defendants' Exhibit E, Plaintiff's Deposition p. 51:4-8; Exhibit 4, Criminal Trial Transcript Day 1, p. 84:13-16; Exhibit 6, Criminal Trial Transcript Day 2, p. 126:10-13; Exhibit 1, Dashcam 00:7:10-00:7:19.*

11. Defendant Meyers and McCue could see into Plaintiff's vehicle due to the fact of squad car lights and their flashlights, that Plaintiff's window was open, and that the area well-lit. *Exhibit 1, Dashcam 00:6:18-00:6:21; Defendants' Exhibit E, Plaintiff's Deposition p. 58:4-10; Exhibit 4, Criminal Trial Transcript Day 1 p. 95:5-7; Exhibit 3, C.Y. Video 00:00:00-00:50:00; Exhibit 5, C.Y. Deposition p. 10:12-24; Exhibit 7, Criminal Trial Transcript Day 2 p. 159:15.*

12. Defendants Meyers and McCue did not reference the tint on Plaintiff's windows at any time prior to the use of force. *Exhibit 1, Dashcam 00:01:08-00:13:35; Exhibit 3, C.Y. Video 00:00:00-00:50:00.*

13. Plaintiff was calm throughout the interaction, requesting a supervisor which Defendants did not immediately call. *Defendants' Exhibit E, Plaintiff's Deposition p. 51:4-8; Exhibit 4, Criminal Trial Transcript Day 1, p. 84:13-16; Exhibit 6, Criminal Trial Transcript Day 2, p. 126:10-13; Exhibit 1, Dashcam 00:7:10-00:7:42.*

14. Plaintiff feared for his safety and stated that feared for his safety. *Exhibit 6, Criminal Trial Transcript Day 2, p. 144:3-4; Exhibit 1, Dashcam 00:09:00-00:09:08*

15. Defendant Meyers asked Plaintiff "You want to go to jail for something petty like this? You want to go to jail for obstructing?" *Exhibit 1, Dashcam 00:09:31-00:09:36.*

16. Plaintiff told Defendant Meyers that he "get[s] pulled over all the time." *Exhibit 1, Dashcam 00:10:46-00:10:49.*

17. Plaintiff rolled up his window partially when Defendant Meyers put his hands inside Plaintiff's car but stopped approximately 3 inches before the window and car frame met, avoiding any potential injury to Defendant Meyers' fingers. *Exhibit 3, C.Y. Video 00:00:15-00:00:34; Defendants' Exhibit E, Plaintiff's Deposition p. 59:24, p. 60:1-18; Exhibit 4, Criminal Trial Transcript Day 1 p. 79:20-21; Exhibit 7, Juanita Yanez Deposition p. 14:5-13.*

18. Defendant Meyers broke Plaintiff's window and reached into Plaintiff's vehicle. *Exhibit 3, C.Y. Video 00:00:34-00:00:36.*

19. Plaintiff immediately raised his arms in surrender after Defendant Meyers broke his window, stating "my hands are right here." *Exhibit 3, C.Y. Video 00:00:43-00:00:51; Defendants' Exhibit E, Plaintiff's Deposition p. 66:18-24; 67:1-8, Exhibit 2, Meyers Deposition p. 61:19-21, p. 62:1-20. Exhibit 1, Dashcam Video 00:13:29-00:13:36; Exhibit 5, C.Y.'s Deposition p. 8:4-25; Exhibit 7, Juanita Yanez Deposition pp. 8:17-25 – 9:1-18, p. 16:2-11; Exhibit 8, McCue Deposition pp. 31:7-25 – 32:1-22.*

20. Defendant Meyers and Defendant McCue pulled Plaintiff from the vehicle while his arms were raised in surrender, flinging him into a nearby parked van and slamming his head against it. *Exhibit 1, Dashcam 00:13:38-00:14:15; Exhibit 3, C.Y. Video 00:00:51-00:1:27, Defendants' Exhibit E, Plaintiff's Deposition p. 68:17-24; p. 69:1-9; Exhibit 2, Meyers Deposition p. 68:4-15; Exhibit 4, Criminal Trial Transcript Day 1 pp. 53:24 – 54:1-4; Exhibit 8, McCue Deposition pp. 33:18-25 – 34:1; Exhibit 5, C.Y. Deposition p. 8:20-25.*

21. Defendant McCue's hand was on the back of George Gutierrez's head and slammed it into the parked van as the two officers flung him into the van. *Exhibit 4, Criminal Trial*

*Transcript Day 1 pp. 53:24 – 54:1-4; Exhibit 1, Dashcam 00:13:38-00:14:15; Exhibit 3, C.Y. Video 00:00:51-00:1:27; Defendants' Exhibit E, Plaintiff's Deposition p. 68:17-24 - 69:1-9.*

22. Plaintiff was diagnosed with a concussion four days after the incident and sent for a CAT scan by his doctor, Jose Trevino. *Exhibit 9, Diagnosis*; *Exhibit 10, Declaration of George Gutierrez ¶ 4.*

23. Defendant McCue witnessed the entirety of the traffic stop extension beyond its original purpose. *Exhibit 1, Dashcam 00:06:00-00:13:45.*

24. Plaintiff's niece C.Y. and sister Juanita Yanez witnessed the Defendants' use of force, which they observed from approximately 10 feet away, to the side of the officers so that officers could see them. *Exhibit 6, Criminal Trial Transcript Day 2, p. 119:15-20, pp. 120:21-24 - 121:1, p. 144:12-16; Exhibit 5, C.Y. Deposition p. 11:16-24, pp. 12:24-25 – 13:1-4*

25. Plaintiff's niece was 15 years old and Plaintiff's sister was wearing pajamas. *Exhibit 10, Declaration of George Gutierrez ¶ 3*; *Exhibit 6, Criminal Trial Transcript Day 2, p. 119:15-20.*

26. Plaintiff's niece and sister informed Defendants of their approach, with Juanita Yanez raising her arms upon approach to indicate compliance and non-threatening behavior. *Exhibit 6, Criminal Trial Transcript Day 2, pp. 120:21-24 - 121:1.*

27. Plaintiff's niece and sister moved back when instructed by Defendants. *Exhibit 5, C.Y. Deposition p. 11:20-24.*

28. Defendant McCue did not perceive a threat from these witnesses. *Exhibit 8, McCue Deposition p. 24:20-24.*

29. Plaintiff was not resisting arrest and was not charged with resisting arrest. *Exhibit 8, McCue Deposition p. 31:7-17, p. 53:16-19; Exhibit 2, Meyers Deposition p. 19-21; Exhibit 4, Criminal Trial Transcript Day 1, pp. 153:11 – 154:3; Defendants' Exhibit E, Plaintiff's Deposition p. 67:3-5; Exhibit 5, C.Y. Deposition p. 8:11-25.*

30. Plaintiff was not fleeing or attempting to flee the entirety of the incident and was not charged for fleeing and eluding. *Exhibit 8, McCue Deposition 40:24-25 -41:1-2; Exhibit 4, Criminal Trial Transcript Day 2, pp. 153:11 – 154:3; Exhibit 2, Meyers Deposition p. 73:2-12; Exhibit 5, C.Y. Deposition p. 8:4-10.*

31. Plaintiff made no movements towards the Defendants at the time of the use of force. *Exhibit 8, McCue Deposition p. 31:7-17, p. 53:16-19; Exhibit 2, Meyers Deposition p. 19-21; Defendants' Exhibit E, Plaintiff's Deposition p. 67:3-5; Exhibit 5, C.Y. Deposition p. 8:11-25.*

32. There was no weapon in the vehicle, nor any other contraband. *Defendants' Exhibit E, Plaintiff's Deposition p. 131:20-23; Exhibit 10, Declaration of George Gutierrez ¶ 7.*

33. Plaintiff was not suspected of a serious or violent crime, nor was he charged with one, and instead was charged with misdemeanor obstructing along with traffic infractions. *Exhibit 8, McCue Deposition, p. 41:3-8, p. 54:1-19; Exhibit 4, Criminal Trial Transcript Day 1, pp. 153:11 – 154:3; Exhibit 1, Dashcam 00:09:31-00:09:36.*

34. George Gutierrez was 5' 10" inches and approximately 163 lbs on the day of the incident and Defendant Meyers was 6' and 190-195 lbs and Defendant McCue was 5'10" and approximately 230 lbs. *Exhibit 10, Declaration of George Gutierrez ¶ 10; Exhibit 2, Meyers Deposition p. 21:8-14; Exhibit 8, McCue Deposition p. 15:18-22.*

35. Officers had control of Plaintiff prior to the use of force. *Exhibit 2, Meyers Deposition p. 73:2-8; Exhibit 3, C.Y. Video 00:00:52-00:55.*

36. Plaintiff was not on parole at the time of the incident, though he was arrested at 20 years old after being the driver of a car that, without his prior knowledge, was to be used in a drive-by shooting, and was convicted of murder on an accountability theory. *Exhibit 10, Declaration of George Gutierrez ¶¶ 7-8.*

37. Plaintiff is involved in his community and helps run a youth boxing program to afford young people opportunities he did not have when he was younger. *Exhibit 10, Declaration of George Gutierrez ¶ 9.*

38. At Plaintiff's criminal trial for obstructing a peace officer, the Judge remarked that the traffic stop was "cordial" until Defendant Officer Meyers returned from his vehicle with the knowledge of Plaintiff's record. *Exhibit 6, Criminal Trial Transcript Day 2 p. 155:7-19, p. 156: 8-16.*

Respectfully submitted,

/s/Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia
Ashley Rodriguez
Dan Lastres
Joseph DiCola
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708 797 3066
E: daniel@first-defense.org
E: ashley@first-defense.org
E: lastres@first-defense.org
E: joseph@first-defense.org
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Daniel Massoglia, an attorney, hereby certify that a copy of this document was filed on March 1, 2023 using the CM/ECF system, which generates electronic notice to all parties of record.

Respectfully submitted,

/s/ Daniel E. Massoglia

*One of Plaintiff's Attorneys*