UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.: 1:21-cv-02211 |
| ) | |
| CITY OF AURORA, AURORA POLICE ) | Honorable Judge Manish S. Shah |
| OFFICERS MATTHEW THOMAS ) | |
| MEYERS (# unknown) and C. McCUE ) | |
| (# unknown), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR RULE 56(b) MOTION FOR SUMMARY JUDGMENT**

DEFENDANTS MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA (hereinafter, the "Defendants"), by and through one of their attorneys, DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., for their reply in support of their Motion for Summary Judgment state as follows.

**INTRODUCTION**

Plaintiff does not address and therefore concedes that his unlawful seizure, false arrest and failure to intervene claims fail against the Aurora Defendants. As such, this Court should grant summary judgment on Counts II [sic], II and IV of Plaintiff's Complaint in favor of the Aurora Defendants and dismiss those claims with prejudice. The only issues remaining before this Court are Plaintiff's excessive force (Count III), civil battery (Count V), and indemnification (Count VI) claims.

Plaintiff's version of the facts outlined in his additional facts statement is prohibited under *Heck v. Humphrey* because Plaintiff's claims of passivity put into question the validity of his underlying, uncontested criminal convictions. Moreover, due to Plaintiff's continuous non-

compliant behavior, the Officers found themselves in an uncertain and rapidly evolving situation which required them to forcibly remove Plaintiff from his car to effectuate his arrest. The Officers use of force in those circumstances was reasonable and thereby passes scrutiny under both a Fourth Amendment and a qualified immunity analysis, requiring dismissal of Plaintiff's claims for false arrest and battery. Lastly, because Plaintiff has failed to prove his claims against Officers Meyers and McCue, he fails to prove his claims against the City of Aurora and the indemnification count should be dismissed. Thus, this Court should grant summary judgment in the Aurora Defendants' favor and dismiss Counts III, V and VI with prejudice.

## ARGUMENT

**I.        Plaintiff's Version of the Facts is Limited by *Heck* and Should be Disregarded by this Court.**

In his additional statement of facts, Plaintiff paints himself as a passive bystander to his arrest. Such a rendition of the facts renders Plaintiff's underlying conviction of **obstruction of a police officer** invalid and is impermissible under *Heck v. Humphrey,* 512 U.S. 477 (1994). This Court cannot simply view the facts that Plaintiff pleads in the light most favorable to him, but instead must weigh the fixed material facts which led to Plaintiff's conviction when considering summary judgment. *Tolliver v. City of Chicago*, 820 F.3d 237 (7th Cir. 2016) (when a Plaintiff's conviction stands, he is confined to a version of facts that does not undermine the conviction).

Moreover, Plaintiff's affidavit should not be considered by this Court in its analysis of summary judgment. *Beckel v. Wal-Mart Associates, Inc.* 301 F.3d 621, 623 (7th Cir. 2002)("Affidavits, though signed under oath by the affiant, are typically written by the affiant's lawyer, and when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy. The explanation, moreover, must come in the affidavit itself.")

2

(citation omitted.) Because Plaintiff is confined to the set of facts that led to his conviction, and this Court cannot consider facts that would invalidate Plaintiff's conviction, this Court should grant summary judgment in favor of the Aurora Defendants on Counts III, V and VI of Plaintiff's complaint.

## II. The Officers' Use of Force Was Reasonable Under the Fourth Amendment.

Contrary to Plaintiff's claims, his excessive force claim fails because the facts in this matter, even when viewed in the light most favorable to Plaintiff, demonstrate that the Defendant Officers' use of force was reasonable. At the time of the incident, Officer Meyers knew that Plaintiff was a registered violent offender and gang member, who, for almost the entire duration of their interaction, had been non-compliant. Plaintiff refused to exit his vehicle even after being ordered to do so several times. Plaintiff also failed to stop rolling up his window when ordered to do so. Even after his car window had been broken, Plaintiff again refused to exit his vehicle.

It was under this set of circumstances that Officer Meyers unlocked the vehicle, and the Defendant Officers made the split-second decision to remove Plaintiff from his vehicle and to push him against a van to assist in handcuffing him. Based on these facts, the Defendant Officers use of force was reasonable. *See e.g. Nabors v. City of North Chicago,* 2021 WL 5493234 (N.D. Ill. 2021)(slip copy); *Williams v. Brooks*, 809 F.3d 936 (7th Cir. 2016). Thus, based on the above, this Court should grant summary judgment in the Defendants' favor as to Count III of Plaintiff's Complaint.

### *Plaintiff's civil battery claim.*

Plaintiff also claims civil battery against the Defendant Officers. In Illinois, a battery is the unauthorized touching of the person of another and is an intentional tort. *Fiala v. Bickford Sr. Living Group, LLC*, 2015 IL App (2d) 150067, 43 N.E.3d 1234, 1240 (2nd Dist. 2015). Here,

3

because the Defendant Officers had probable cause to arrest Plaintiff for obstruction, they were authorized to handcuff and arrest Plaintiff. Thus, Plaintiff's civil battery claim against the Defendant Officers fails and this Court should grant summary judgment as to Count V of Plaintiff's Complaint.

### III. Officers Meyers and McCue are Entitled to Qualified Immunity

Contrary to his claims, Plaintiff was not a passive bystander to his arrest. As outlined above, at the time of the incident, Officer Meyers knew that Plaintiff was a registered violent offender and gang member, who for almost the entire duration of their interaction had been non-compliant. Plaintiff refused to exit his vehicle when ordered to do so. Plaintiff also failed to stop rolling up his window when ordered to do so. Even after his car window was broken, Plaintiff again refused to exit his vehicle. It was under this set of circumstances that Officer Meyers unlocked the vehicle, and the Defendant Officers made the split-second decision to remove Plaintiff from his vehicle and to push him against a van to assist in handcuffing him. Thus, under these circumstances, Officers Meyers and McCue are, at the very least, entitled to qualified immunity and this Court should grant Defendants' motion for summary judgment and dismiss Counts III, V and VI of Plaintiff's Complaint with prejudice.

### IV. Because Defendant Officers Meyers and McCue are not liable to Plaintiff, the City of Aurora is not liable to Plaintiff.

Under Illinois Law, a municipality is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See* 745 ILCS 10/2-109; 745 ILCS 10/2 2-302; 65 ILCS 5/1-4-6. As Plaintiff has failed to prove his claims against Officers Meyers and McCue, he fails to prove his claims against the City of Aurora. Thus, this Court should grant Defendants' summary judgment motion and dismiss Plaintiff's indemnification claims (Count VI) against the City of Aurora with prejudice.

WHEREFORE, Defendants, MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA, respectfully pray that this Honorable Court enter summary judgment in their favor and against Plaintiff George Gutierrez, inasmuch as there exists no material issues of fact to be determined with regard to the issues stated herein.

        Respectfully submitted,

        MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA

        By:    s/Deborah A. Ostvig
              One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com
K:\359 - Gutierrez\Pleadings\MSJ\Defendants' Reply ISO Their MSJ - 03-20-2023.docx