IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GUTIERREZ, ) | No. 2021-cv-2211 |
| Plaintiff, ) | |
| v. ) | Hon. Judge Manish S. Shah |
| CITY OF AURORA, *et al.*, ) | |
| Defendants. ) | Hon. Magistrate Judge Jeffrey Cummings |

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY**

Plaintiff George Gutierrez, by and through his undersigned counsel, with his Surreply to Defendants' Reply in Support of their Motion for Summary Judgment, states as follows:

**INTRODUCTION**

Seventh Circuit jurisprudence under *Heck v. Humphrey,* 512 U.S. 477 (1994) has carefully preserved the viability of excessive force claims where the plaintiff was convicted of the underlying offense of obstructing a police officer. Yet, for the first time in their Reply, Defendants argue the opposite. The new argument should fail because *Heck* does not apply to bar Count III, Plaintiff's excessive force claim.

A finding that Defendants used excessive force when they slammed Plaintiff's head into his sister's van and gave him a concussion would *not* necessarily negate his conviction for obstruction of a police officer. Analysis of the factual allegations, the findings of the criminal court, the elements of obstruction, and the settled law in this Circuit shows Count III of the complaint to be valid and triable. Defendants' Motion should be denied.

**I. The Reply Materially Mischaracterizes Plaintiff's Allegations Regarding His Noncompliance Before And During The Challenged Use Of Force**

Defendants' argument that Plaintiff's excessive force claim, Count III, is *Heck*-barred was raised for the first time in their Reply. Dkt. 55. They argue in part, "[I]n his additional statement of facts, Plaintiff paints himself as a passive bystander to his arrest. Such a rendition of the facts

1

renders Plaintiff's underlying conviction of **obstruction of a police officer** invalid and is impermissible under [*Heck*]." Dkt. 54 (emphasis in original). These assertions are inaccurate regarding both Plaintiff's factual allegations and the law. Dkt. 48.

Plaintiff's additional statement of facts acknowledges that "Plaintiff rolled up his window partially when Defendant Meyers put his hands inside Plaintiff's car." *Id*. at ¶ 17. This accords with Plaintiff's Response to Defendants' Rule 56.1 statement, where he did not fully dispute his refusal to obey Defendant Meyers's order.[1] In the same vein, Plaintiff's Response to Defendants' Statement of Facts similarly does not dispute that Plaintiff refused Defendant Meyers's orders to step out of his vehicle. Dkt. 49 at ¶ 12. These two facts—Plaintiff's refusal to exit the vehicle and his rolling up the window, which Plaintiff has not disputed anywhere in his filings before this Court—were considered by the criminal judge, who made the following findings of fact and law:

> Did you get out after repeated commands? Initially they started out as, you know, requests, and then later, I think, they turned into commands. No. Did you, in an effort to maybe prevent your apprehension, begin to roll up your window? Yes.
>
> At that point, the officer thought he had no other option but to either stop the rolling up of the window, and ultimately, having broke the window. So when you take all of this into consideration, a bit of a close call, but I do believe that the State has met its burden and I'm finding you guilty of obstructing a police officer, of failing to signal, and having tinted windows. Dkt. 43-3, at p. 160.

A fair read of Plaintiff's argument as to Count III cannot be construed as a collateral attack on these findings. In essence, Plaintiff's excessive force claim is that after a period of non-compliance with Defendant Officers' orders to exit his vehicle (which, in the finding of the criminal court, constituted obstruction of a police officer), he raised his arms in surrender, at which point

---

[1] "Plaintiff did not obey Officer Meyer's order. [citations omitted]
"RESPONSE: Undisputed to the extent that Plaintiff did not lower the window down as per the letter of Defendant Meyers' command, though to the extent that this Statement of Fact contains the implication that Plaintiff never stopped rolling the window up, which Plaintiff disputes per his Response to Defendants' Statement of Fact # 16, 19." Dkt. 49 ¶ 17.

2

Defendants, having him under full control, under no threat to themselves or others, and while he was not suspected of a serious crime, unreasonably attacked and injured him.

The bulk of the criminal court's analysis concerned *Pennsylvania v. Mimms,* 434 U.S. 106 (1977) with respect to the lawfulness of Defendants' order to Plaintiff to exit his vehicle. Finding the order lawful, and that Plaintiff refused it, the court concluded its analysis there and did not issue findings regarding anything that occurred beyond that time, including regarding the force used against Plaintiff.[2] *Id.* "To properly apply *Heck*'s bar against certain damage actions, a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge[3] on which he was convicted." *VanGilder*, 435 F.3d at 691." A judgment in Plaintiff's favor on Count III would not "necessarily" invalidate the conviction for obstruction, as the facts underlying the claim here are distinct from the facts supporting the conviction. *See Nelson v. Campbell,* 541 U.S. 637, 647 (2004) (stating, "We were careful in *Heck* to stress the importance of the term 'necessarily.'").

## II. *Heck* Does Not Categorically Bar Excessive Force Claims Where The Plaintiff Was Convicted of a Obstructing a Police Officer

Defendants rely on *Tolliver v. City of Chicago*, 820 F.3d 237 (7th Cir. 2016) to assert that Plaintiff's excessive force claim is barred, despite its inapplicability as precedent. Dkt. 44 at pp. 6-7; Dkt. 54 at p. 2. But the plaintiff in *Tolliver* pled guilty to aggravated battery of a police officer, as opposed to obstruction of a police officer, and the facts underlying the cases are dramatically

---

[2] Plaintiff's conduct in the moments he was removed from his car and slammed into the van was not included in the factual basis of his conviction. The criminal court was aware of Plaintiff's concussion, having viewed video several times, and still did not reach that part of the incident in its findings: "THE COURT: I've seen it, Mr. Gutierrez. There is no need for us to look at it again. I've seen it, I've seen the bump on your head, so I don't think there is any need to view it again. I think we are all pretty much in agreement as to that observation with respect to this video." Dkt. 43-3, at p. 133:8-13.

[3] Plaintiff was found guilty of obstructing a police officer under 720 ILCS 5/31-1(a)(2), as opposed to resisting arrest, which is subsection (a)(1) of the statute.

3

distinct. In *Tolliver*, police shot the plaintiff seven times, later claiming that the force was justified because Tolliver's car was rolling towards them. *Tolliver*, 820 F.3d at 240. Here, there is no indication in the record of a similar threat. Even in *Tolliver*, despite deciding against the plaintiff, the court emphasized the overarching principle that "there is nothing inherently contradictory about pleading guilty to aggravated battery of a peace officer and bringing a claim of excessive force." *Id*. at 243. *Tolliver* was decided on the Court's interpretation of those particular facts and is not a categorical bar against excessive force claims for plaintiffs convicted of crimes.

Much closer to the facts here is *VanGilder v. Baker*, in which the Seventh Circuit upheld an excessive force claim where a plaintiff had been convicted of *resisting* (still as opposed to obstructing) an officer. 435 F.3d 689 (7th Cir. 2006). The plaintiff there physically resisted having blood drawn in a hospital and, while he was handcuffed to a gurney, the defendant officer punched him in the face 7-10 times.[4] *Id.* at 690-691. Reversing the district court's finding of summary judgment for the Defendant, the Court held, "[w]ere we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *Id.* at 692. Here, Plaintiff's concussion is precisely the kind of unconstitutional "reaction or retribution" foreseen by *VanGilder*, and, notably, Plaintiff's actions did not, in the opinion of the officers who charged him or the criminal court who sentenced him, even amount to resistance in the first place.

Courts in the Northern District have followed and applied *VanGilder* in other cases, supporting the denial of summary judgment on Plaintiff's Count III. For example, in *Puch v.*

---

[4] "VanGilder tumbled off his gurney and taunted Baker, 'I'm going to keep you here all night.' The officer handcuffed VanGilder to the gurney…VanGilder resisted, positioning his arm so that hospital personnel could not reach his veins. Unable to free the arm, Baker struck VanGilder…several times about the face." *VanGilder,* 435 F.3d at 690-91.

4

*Village of Glenwood,* the plaintiff was convicted of obstructing an officer after refusing entry to police at his door (who then broke the door down and forcibly arrested him). *Puch v. Vill. of Glenwood, Ill.*, No. 05 C 1114, 2012 WL 2502688 (N.D. Ill. June 27, 2012). The court stated, "[a] § 1983 claim for excessive force can be premised on three scenarios: (1) force used on the plaintiff despite his non-resistance, (2) excessive force used to effect custody above what the plaintiff's resistance required, and (3) excessive force used after the plaintiff was reduced to custody. *Id.* at *4 (citing *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010)). Under any of these hypotheticals—which, again, involve resisting, a charge for which Gutierrez was not convicted—his claim would be viable. The court in *Puch* ultimately denied Defendants' motion for judgment on the pleadings, holding "a reasonable trier of fact might find that grabbing Mr. Puch's arm and shoving him to the ground was not a reasonable response to Mr. Puch's act of physical resistance." *Id.* at *5. *Puch*, then, demonstrates an instance where a plaintiff who refused officers' commands was able to advance an excessive force claim. On these principles, Defendants' argument falls short.

Defendants' misapplication of *Heck* to Count III should be rejected to avoid the result rejected by the Seventh Circuit that "police subduing a suspect could use as much for as they wanted – and be shielded from accountability under civil law...as long as the prosecutor could get the plaintiff convicted on resisting." *VanGilder*, 435 F.3d at 692. 692

## **CONCLUSION**

WHEREFORE, Plaintiff George Gutierrez respectfully requests the Court deny Defendants' Motion for Summary Judgment, and grant any other relief deemed equitable and just.

Respectfully submitted,

/s/ Joseph DiCola

*One of Plaintiff's Attorneys*

5

Joseph DiCola
Daniel Massogila
First Defense Legal Aid
601 S. California Ave
Chicago, IL 60612
708-967-3334
joseph@first-defense.org
daniel@first-defense.org

## **CERTIFICATE OF SERVICE**

I, Joseph DiCola, an attorney, hereby certify that a copy of this document was filed on April 4, 2023, using the Court's CM/ECF system, which generates electronic notice to parties of record.

Respectfully submitted,

*/s/Joseph DiCola*

*One of Plaintiff's Attorneys*