# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ,<br>    Plaintiff<br><br>    v.<br><br>CITY OF AURORA, *et al.*,<br>    Defendants | No. 21 CV 2211<br><br>Judge Jeremy C. Daniel |

## MEMORANDUM OPINION AND ORDER

Plaintiff George Gutierrez filed the instant lawsuit under 42 U.S.C. § 1983 against the City of Aurora and two of its police officers, Defendants Matthew Thomas Meyers and C. McCue. (R. 6 ("Amend. Compl.").)[1] Before the Court is the defendants' motion for summary judgment. (R. 42.) For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND[2]

"The facts are hotly disputed but" the Court "must credit [Gutierrez'] version and draw all reasonable inferences in his favor because he is the party opposing summary judgment." *Tolliver v. City of Chi.*, 820 F.3d 237, 239 (7th Cir. 2016).

At around 10:00 p.m. on April 26, 2020, Officer Meyers was on patrol duty in his police car when he observed Gutierrez driving in his car. (R. 49, Plaintiff's

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] The Court takes the following facts from the parties' Local Rule 56.1 submissions, the materials cited therein, and other aspects of the record in this case. All facts are genuinely undisputed unless otherwise noted. Any fact not properly controverted is admitted. N.D. Ill. Local R. 56.1(e)(3).

Response to Defendants' Local Rule 56.1 Statement of Material Facts ("Pl.'s Resp. to Defs.' SOF") ¶ 1; R. 53, Defendants' Response to Plaintiff's Local Rule 56.1(b)(3)(C) Statement of Additional Facts ("Defs.' Resp. to Pl.'s SOAF") ¶ 1; R. 48-2, Ex. 2 ("Meyers Dep.") at 22:4–7.) Officer Meyers briefly followed Gutierrez until he observed him fail to timely signal before turning onto the street where he lived. (Pl.'s Resp. to Defs.' SOF ¶ 1; Defs.' Resp. to Pl.'s SOAF ¶ 1; Meyers Dep. at 26:13–19, 28:2–20.)

Officer Meyers signaled for Gutierrez to pull over. (Pl.'s Resp. to Defs.' SOF ¶ 1.) Gutierrez complied, pulling into the driveway of his home, where his sister and niece were inside. (Defs.' Resp. to Pl.'s SOAF ¶¶ 3, 24.) Officer Meyers exited his car, walked along the driver's side of Gutierrez' car toward him, and observed that the car had tinted windows. (*Id.* ¶ 3; Pl.'s Resp. to Defs.' SOF ¶ 2.) The parties dispute whether Gutierrez was behaving nervously when Officer Meyers approached him. (*See* Pl.'s Resp. to Defs.' SOF ¶ 2; Defs.' Resp. to Pl.'s SOAF ¶¶ 9, 10, 13.) The parties also disagree whether the tint on Gutierrez' car windows obstructed the view inside. (*See* Pl.'s Resp. to Defs.' SOF ¶ 8.) At some point, Gutierrez' niece and sister exited the home, and Gutierrez' niece began recording footage of the incident. (Defs.' Resp. to Pl.'s SOAF ¶ 24; R. 48-3 at 1, Ex. 3 ("Bystander Video").) The footage shows Officer Meyers using a flashlight to look into Gutierrez' car and the street being lit by streetlights and the lights of squad cars. (Defs.' Resp. to Pl.'s SOAF ¶ 24; R. 48-3 at 1, Ex. 3 ("Bystander Video").)

2

Officer Meyers next told Gutierrez, who had rolled down his window, that he stopped Gutierrez for insufficiently signaling before turning and asked Gutierrez for his license, which he provided. (Pl.'s Resp. to Defs.' SOF ¶ 3; Defs.' Resp. to Pl.'s SOAF ¶ 3; R. 48-1, Ex. 1 ("Dash-Cam") at 1:12–1:17.) Officer Meyers took Gutierrez' license to his police car and checked the police database for outstanding cautions or warrants. (Pl.'s Resp. to Defs.' SOF ¶ 4.) At this point, Officer McCue arrived on scene and joined Officer Meyers. (Pl.'s Resp. to Defs.' SOF ¶ 6; Dash-Cam at 5:14–15.)

Dispatch reported that Gutierrez was a registered violent offender and former gang member. (Pl.'s Resp. to Defs.' SOF ¶ 5; Defs.' Resp. to Pl.'s SOAF ¶¶ 1, 3.) Officer Meyers' dash camera footage shows that he next said he would "just talk to [Gutierrez] . . . He's cool." (Defs.' Resp. to Pl.'s SOAF ¶ 6; Dash-Cam at 5:15–23.) Officer Meyers then returned to Gutierrez' car and ordered him to step out. (Pl.'s Resp. to Defs.' SOF ¶ 9; Defs.' Resp. to Pl.'s SOAF ¶ 9; Dash-Cam at 6:21–23.) Gutierrez refused, and over a span of about five minutes, asked Officer Meyers to call his supervisor to the scene eleven times, explaining that he did not trust Officer Meyers and was afraid for his safety. (Pl.'s Resp. to Defs.' SOF ¶ 13; Dash-Cam at 6:42–12:19.) Officer Meyers' dash camera footage shows that he continued ordering Gutierrez to exit his car for about seven minutes. (*See* Dash-Cam 6:21–13:00.)

The parties dispute what followed. (*See* Pl.'s Resp. to Defs.' SOF ¶ 15; Defs.' Resp. to Pl.'s SOAF ¶ 17.) The recording from Gutierrez' niece's phone shows that Gutierrez rolled up his window from halfway open to nearly closed, leaving a one-to-two-inch gap, and that Officer Meyers reached inside the window. (Bystander Video

3

at 00:00:31–00:00:33.) Officer Meyers then pulled the driver's side window out of its frame. (*Id.* at 00:00:35–00:00:37.) Gutierrez next raised both hands while remaining in the car as Officer Meyers continued ordering him to exit. (Defs.' Resp. to Pl.'s SOAF ¶ 19; Bystander Video at 00:00:44.) Officer Meyers then opened Gutierrez' car door and Officer McCue pulled Gutierrez out of the car. (Defs.' Resp. to Pl.'s SOAF ¶ 20; Bystander Video at 00:00:37–00:00:54.) In doing so, the officers pushed Gutierrez against a nearby parked van, and Gutierrez testified that Officer McCue, with his hand on the back of Gutierrez' head, slammed Gutierrez' head against the van. (Defs.' Resp. to Pl.'s SOAF ¶ 21; Dash-Cam at 13:37–54; Bystander Video at 00:00:54–00:00:56.) Officer Meyers then arrested Gutierrez for obstruction. (Meyers Dep. at 74:1–7; Dash-Cam at 38:43–47.) Gutierrez was diagnosed with a concussion four days later. (Defs.' Resp. to Pl.'s SOAF ¶ 22.)

Gutierrez was subsequently convicted of three Illinois misdemeanors: displaying a turn signal within insufficient distance of an intersection, having illegal tint on his windows, and obstructing Officer Meyers' lawful order by refusing to exit the car. (*Id.* ¶ 38; Pl.'s Resp. to Defs.' SOF ¶¶ 30–32.)[3] To find Gutierrez guilty of obstruction, the jury needed to conclude that he knowingly "obstruct[ed] the performance by one known to the person to be a peace officer . . . of any authorized act within his or her official capacity . . . ." 720 ILCS 5/31-1(a)(2). The Illinois Second District Appellate Court dismissed Gutierrez' appeal. (Pl.'s Resp. to Defs.' SOF ¶ 35.) The time period for challenging this decision has expired. *See* ILL. SUP. CT. R. 367(a).

---

[3] *See generally* Dash-Cam at 38:43–47 (Officer Meyers telling Gutierrez that the basis for his arrest was "because [he] failed to step out of the vehicle when [he was] given an order").)

4

Gutierrez brings the instant § 1983 suit alleging Officers Meyers and McCue violated his Fourth Amendment rights by unlawfully seizing him for the traffic stop, Count I, arresting him for obstruction, Count II, using excessive force during his arrest, Count III, and failing to intervene, Count IV. (Amend. Compl. ¶¶ 33–60.)[4] He also asserts a battery claim against the officers, Count V, and seeks indemnification by the City of Aurora for their actions, Count VI. (*Id.* ¶¶ 61–72.) The defendants filed a Rule 56 motion for summary judgment. (R. 42.)

## LEGAL STANDARD

"Summary judgment is appropriate when there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." *Tolliver*, 820 F.3d at 241. "A material fact is one that 'might affect the outcome of the suit . . . .'" *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016) (citation omitted).

## ANALYSIS

I.     § 1983 CLAIMS[5]

The defendants argue that Gutierrez' § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (R. 54.) "In *Heck*, the Supreme Court held that a plaintiff alleging that his conviction or sentence was unconstitutional does not state a claim under § 1983 unless the conviction or sentence has been set aside." *Courtney v. Butler*, 66 F.4th 1043, 1049 (7th Cir. 2023). "The rule is intended to prevent 'collateral attack on [a] conviction through the vehicle of a civil suit.'" *VanGilder v.*

---

[4] The complaint seemingly contains a clerical error as it sets forth two Count IIs. (*See* (Amend. Compl.) For clarity, ¶¶ 33–40 are referred to as Count I and ¶¶ 40–45 are referred to as Count II.

[5] Jurisdiction over Counts I-IV is proper under 28 U.S.C. § 1331.

5

*Baker*, 435 F.3d 689, 691 (7th Cir. 2006) (quoting *Heck*, 512 U.S. at 484). "[A] plaintiff who has been convicted of resisting arrest . . . during the course of an arrest is not *per se Heck*-barred from maintaining a [§] 1983 action for excessive force stemming from the same confrontation." *McCann v. Nielsen*, 466 F.3d 619, 621 (7th Cir. 2006). "Therefore, in considering whether *Heck* requires dismissal," the Court "must consider the factual basis" of Gutierrez' excessive force claim "and determine whether it necessarily implies the invalidity of [his] conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). "To the extent that factual allegations do not do so," Gutierrez "may proceed under 1983." *Id.*

### A. Counts I, II, and IV

Gutierrez did not respond to the defendants' argument that *Heck* requires judgment in their favor on Counts I, II, and IV, and has thus waived any argument to the contrary. (*See* R. 47); *Palmer v. Marion Cnty.*, 327 F.3d 588, 597–98 (7th Cir. 2003) (holding that claims not addressed in a summary judgment opposition brief are deemed abandoned). Even so, the Court agrees that these claims are *Heck*-barred.

Count I alleges that Officer Meyers lacked probable cause to stop Gutierrez' car and wrongly prolonged the stop upon learning Gutierrez was a registered violent offender and former gang member. (Amend. Compl. ¶¶ 35–37.) Because such allegations deny that Gutierrez failed to sufficiently signal his turn, they necessarily imply the invalidity of Gutierrez' conviction for failing to display a turn signal within one hundred feet of an intersection. (*See id.* ¶ 37.) Similarly, Count II's allegation that the police lacked probable cause to arrest Gutierrez for "any offense, traffic or

6

otherwise," (*id.* ¶ 42) impermissibly implies the invalidity of his obstruction conviction. *See* 720 ILCS 5/31-1(a)(2).

Gutierrez' failure to intervene claim, Count IV, also contains factual allegations that necessarily imply the invalidity of Gutierrez' convictions. For instance, Gutierrez' allegation that the officers "failed to stop the unreasonable violations," impermissibly implies that the police acted unreasonably in stopping Guiterrez for failing to properly signal and arresting him for obstruction. (Amend. Compl. ¶ 56.) Accordingly, the Court grants the defendants' judgment on Counts I, II, and IV.

### B. Count III

Regarding Count III, Gutierrez argues that "[a] finding that Officer Meyers used excessive force would not necessarily negate his [obstruction] conviction[.]" (R. 57 at 1.) The Court agrees. This case is comparable to *VanGilder*, where *Heck* did not apply because the plaintiff did not "deny that he resisted [the officer's] order to comply with the blood draw," but rather, "claim[ed] that he suffered unnecessary injuries because [the officer's] response to his resistance—a beating to the face that resulted in bruises and broken bones—was not, under the law governing excessive use of force, objectively reasonable." 435 F.3d at 692. Gutierrez' excessive force allegations, similarly, do not require an inference that he did not obstruct, only that the force used to remove him from the car, which resulted in a concussion, was unreasonable. Thus, "to uphold the application of *Heck* in this case . . . would imply that once a person

7

resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *Id.* at 693.[6]

And contrary to the defendants' argument, a reasonable jury could conclude that after Gutierrez refused Officer Meyers' order to exit from his car the officers used excessive force to arrest him. (*See* R. 44 at 7–9.) "An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest[.]" *Williams*, 809 F.3d at 944. "That right is circumscribed by the Fourth Amendment's reasonableness standard," however. *Id.* "Factors relevant to the reasonableness inquiry include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989). These factors are considered in totality "from the perspective of a reasonable officer on the scene." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022). Further, this analysis "is fact intensive," which "often makes summary judgment in these cases inappropriate." *Id.*

Here, the parties dispute Gutierrez' demeanor, (Pl.'s Resp. to Defs.' SOF ¶ 2; Defs.' Resp. to Pl.'s SOAF ¶¶ 10, 13, 38); whether Gutierrez' criminal history, the tint on his car, the presence of Gutierrez' niece and sister, or the late hour created an immediate threat to the officers' safety, (Pl.'s Resp. to Defs.' SOF ¶¶ 2, 5, 8–9; Defs.'

---

[6] At this juncture, the Court takes note of the defendants' factual objections to Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts based on their view that certain allegations are *Heck*-barred. (*See, e.g.*, Def's Resp. to Pl.'s SOAF ¶ 10.) Under *Heck*, it is proper for the Court examine the factual basis of Gutierrez' claims to determine whether a certain claim for relief is barred. *Helman*, 742 F.3d at 762.

8

Resp. to Pl.'s SOAF ¶¶ 6, 12, 25–26; *see* Dash-Cam at 4:38–5:15, 5:15–23); and whether Gutierrez was actively evading arrest or threatening the officers when they pulled him out of the car. (Pl.'s Resp. to Defs.' SOF ¶ 21.) All of "[t]hese issues present the 'uncertainties and unresolved material questions of fact' that must be resolved by a factfinder before liability can be assessed." *Bayon*, 29 F.4th at 856 (quoting *Chelios v. Heavener*, 520 F.3d 678, 692 (7th Cir. 2008)).

These factual disputes also preclude this Court from deciding whether Officers Meyers and McCue are entitled to qualified immunity at this time. "Whether qualified immunity applies turns on two questions: first, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation." *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021). Regarding the first question, the defendants' claim that the officers used appropriate force in light of Gutierrez' criminal history and non-compliance with their orders views the facts in a light most favorable to them, which the Court cannot do at summary judgment. (*See* R. 44 at 11–12.) Rather, the remaining factual disputes "bear[ing] on the objective reasonableness of the force used to arrest" requires trial "before a determination can be made as to whether [the officers are] entitled to qualified immunity." *Bayon*, 29 F.4th at 856.

Moreover, on the second question, the right to be free from excessive force during an arrest is clearly established. *See Jones by Jones v. Webb*, 45 F.3d 178, 184 (7th Cir. 1995) ("It of course was clearly established in June 1992 that a police officer's

9

use of excessive force . . . in the course of an arrest would violate the Fourth Amendment."). *VanGilder*, decided fourteen years before Gutierrez' arrest, also shows that it was clearly established that a resisting arrestee maintains a right to be arrested without excessive force. 435 F.3d at 693 (rejecting the notion that "once a person resists law enforcement" the police may "inflict any reaction or retribution they choose"); *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 528 (7th Cir. 2012) ("[P]rior cases may give an officer reasonable warning that his conduct is unlawful.").

In considering "whether clearly established law prohibited the officers from stopping and taking down a man in these circumstances," *City of Escondido, Cal. v. Emmons*, 586 U.S. 38, 435 (2019), the Court notes again that Gutierrez relies upon the evidence that, when Officers Meyers and McCue removed him from his car, his hands were raised—in his view—in surrender. (*See* Pl.'s Resp. to Defs.' SOF ¶ 21.) It is "clearly established that only minimal force is warranted where the accused is passively resisting." *Becker v. Elfreich*, 821 F.3d 920, 928–29 (7th Cir. 2016). Additionally, it is clearly established "that officers could not repeatedly use an impact weapon to beat into submission a person who was not resisting or," (as Guterriez characterizes himself) a person "merely passively resisting officers' orders." *Id.* at 929 (quoting *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013)). The Court thus concludes that it was clearly established that it violated the Fourth Amendment for Officers Meyers and McCue to use force causing a concussion where the arrestee was immobile and surrendering. The defendants' motion for summary judgment on Count III is therefore denied.

## II.  STATE LAW CLAIMS[7]

### A.  Count V

Count V asserts a battery claim against Officers Meyers and McCue. (Amend. Compl. ¶¶ 61–68.) In Illinois, "[a] person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. The defendants argue that summary judgment is warranted because the officers had probable cause Gutierrez had committed obstruction, and so they were authorized to handcuff and arrest Gutierrez. (R. 44 at 9.) This argument misses that "even when an officer has probable cause to arrest, the Fourth Amendment prohibits him from employing 'greater force than [is] reasonably necessary to make the arrest.'" *Abbott*, 705 F.3d at 724 (citations omitted). Because disputed questions remain about whether the police used appropriate force, summary judgment on Count V is denied.

### B.  Count VI

The defendants' argument for judgment on Count VI is that they are entitled to judgment on Counts I–V. (R. 44 at 12.) Because Counts III and V must be decided by a jury, Gutierrez' indemnification claim against the City survives.

## CONCLUSION

The defendants' motion for summary judgment [42] on Counts I, II, and VI is granted and denied for Counts III, V, and VI. On or before July 12, 2024, the parties

---

[7] The Court may exercise supplemental jurisdiction over Counts V and VI pursuant to 28 U.S.C.§ 1367.

shall submit a joint status report that addresses the anticipated length of trial and lists any trial conflicts in November 2024, January 2025, and April 2025.

Date: July 1, 2024

                                                     JEREMY C. DANIEL
                                                     United States District Judge