UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.: 1:21-cv-02211 |
| ) | |
| CITY OF AURORA, AURORA POLICE ) | Honorable Jeremy C. Daniel |
| OFFICERS MATTHEW THOMAS ) | |
| MEYERS (# unknown) and C. McCUE ) | |
| (# unknown), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
MOTIONS IN LIMINE AND *HECK* ARGUMENT**

NOW COMES Defendants MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA (hereinafter, jointly, the "Defendants"), by and through one of their attorneys, DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., and, for their responses to Plaintiff's motions in *limine* and for their argument regarding the *Heck v. Humphrey* (Defendants' motions in *limine* 5 & 8) issue state as follows:

**PLAINTIFF'S MOTION *IN LIMINE* NOS. 1 & 2**

The Defendants address Plaintiff's motions in *limine* Nos. 1 & 2 together as the issues in both are essentially the same: whether Officer Meyers and Officer McCue can testify as to all the circumstances known to them at the time the force occurred involving Plaintiff.

The Fourth Amendment prohibits "unreasonable searches and seizures." *See* U.S. Const. amend. IV. The use of force, standing alone, is not enough to give rise to a claim. *Gray v. City of Evanston*, 2025 WL 744056, *7 (N.D. Ill. March 7, 2025) (Slip Copy) "After all, the Fourth Amendment prohibits *unreasonable* searches and seizures. *Gray v. City of Evanston*, 2025 WL 744056, at *7. (emphasis in the original). The right to make an investigatory stop "necessarily

carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at *7 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989) (*citing* Terry v. Ohio, 392 U.S. 1, 22–27 (1968)). The reasonableness of the force requires a balance between the intrusion on the Fourth Amendment right and the government interests. *Graham v. Connor*, 490 U.S. at 396 (1989)

An objective-reasonableness standard applies when evaluating whether an officer used excessive force during an investigatory stop. *Graham*, 490 U.S. at 388. The test is objective, so the motives or intent of the officers are irrelevant. *Gray v. City of Evanston*, 2025 WL 744056, at *7. The reasonableness of the conduct depends on the facts known to the officers at the time of the incident. *Burton v. City of Zion*, 901 F.3d 772, 780 (7th Cir. 2018) ("When evaluating the reasonableness of a police officer's use of force, the key question is what the officer knew at the time.") (internal quotation marks omitted); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("A court must make [the objective-reasonableness] determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."); *Abbott v. Sangamon County*, 705 F.3d 706, 724 (7th Cir. 2013) ("The reasonableness of the force used depends on the totality of the facts and circumstances known to the officer at the time the force is applied.").

When evaluating whether the use of force was objectively reasonable, the "standard is fact-intensive, asking whether each use of force was reasonable under the totality of the circumstances, 'including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Pryor v. Corrigan*, 2023 WL 1100436, *5. (N.D. Ill. January 30, 2023) *citing Turner v. City of Champaign*, 979 F.3d 563, 567 (7th Cir. 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *Gray v. City of Evanston*, 2025 WL 744056 at *7; *Cyrus v. Town of*

2

*Mukwonago*, 624 F.3d 856, 861–62 (7th Cir. 2010).

"In addition, [the jury may] consider 'whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether the person was interfering or attempting to interfere with the officer's duties.'" *Pryor*, 2023 WL 1100436 at \*6 citing *Smith v. Finkley*, 10 F.4th 725, 736 (7th Cir. 2021) (quoting *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015)); *Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011) (noting that the jury may "consider whether the citizen was under arrest or suspected of committing a crime, was armed, or was interfering or attempting to interfere with the officer's execution of his or her duties") (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000)). An officer need not "conclusively establish" that the plaintiff committed a crime when weighing the need to use force. *Mendez v. City of Chicago*, 2022 WL 4466235, at \*15 (N.D. Ill. 2022). "Simply put, '[i]n order to assess objective reasonableness, the [jury] *must consider all the circumstances*,'" including the *Graham* factors. *Pryor*, 2023 WL 1100436 at \*6 citing *Johnson v. Scott*, 576 F.3d 658, 660 (7th Cir. 2009) (emphasis in original). That is, the jury can consider *just about any information* known to the officer at the time of the use of force. *Pryor*, 2023 WL 1100436 at \*6 (emphasis added.)

The Seventh Circuit's Pattern Jury Instructions reflect the fact that a wide range of information is relevant in an excessive force case. *Pryor*, 2023 WL 1100436 at \*6. "Relevant facts include, among possible others, 'the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made by the defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officer(s), and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing.'" *Pryor*, 2023 WL 1100436 at \*6 citing Seventh Cir. Pattern Jury Instruction 7.10.

The jury will "decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer *facing the same circumstances that Defendant faced*." *Pryor*, 2023 WL 1100436 at *6 (citations omitted) (emphasis in original); also citing *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011) ("A jury must stand in the shoes of the officer and judge the reasonableness of his actions *based on the information he possessed in responding to that situation*.") (emphasis in Pryor). "**_This perspective is critical_**." *Pryor*, 2023 WL 1100436 at *6 (citations omitted)(emphasis added). "[A] court must consider the amount and quality of the information known to the officer at the time." Id. (citations omitted). "So, the range of potentially relevant information is expansive. The jury can consider the totality of the circumstances when deciding whether the use of force was reasonable. The jury needs to answer the question: would a reasonable officer in [Defendants Meyers' and McCue's] shoes – given everything that [they] knew at the time – have used this level of force? *Pryor*, 2023 WL 1100436 at *6.

When evaluating the objective reasonableness of the conduct, context matters, because "police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Gray v. City of Evanston*, 2025 WL 744056, at *7 (citation omitted). "It's a lot easier to declare that an officer acted unreasonably after the fact, with the luxury of time, without adrenaline rushing through your veins, while sipping coffee in the comfort of chambers with classical music softly playing in the background." *Gray v. City of Evanston*, 2025 WL 744056, at *7. "Evidence is relevant if it sets the scene, fills gaps, or sheds light on the broader story. Relevance is not limited to the elements of the claim, or to disputed facts." *Pryor*, 2023 WL 1100436, *4. "Even where evidence is not directly related to a disputed fact, it may be relevant when it provides background information." *Id.* quoting *Whitehead v. Bond*, 680 F.3d 919, 930 (7th

Cir. 2012) (holding that putting conduct "in context ... made it relevant"). Rule 401 makes clear that "[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." *Pryor*, 2023 WL 1100436, at *4 quoting Fed. R. Evid. 401 advisory committee's note. *See also Pryor v. Corrigan*, 124 F.4th 475 (7th Cir. 2024)

For clarity this Court should note that although Plaintiff was convicted of murder in 1994, he was released from prison and placed on parole for his murder conviction in 2017. [See Plaintiff's deposition, p. 83:5 – 22 attached hereto as Exhibit A.] Officer Meyers and Officer McCue, prior to Plaintiff's arrest, knew that Plaintiff was a documented gang member and "is a Registered Violent Offender Murderer." [See Officer Meyers' incident report attached hereto as Exhibit B.] That information, in concert with what Officer Meyers observed (i.e. Plaintiff's failure to look at Officer Meyers, Plaintiff's actions indicating nervousness and Plaintiff's delayed answers), all led Officer Meyers to lawfully order Plaintiff to step out of the car [See Ex. B.]; an order Plaintiff refused to follow.

Plaintiff knew the applicable law, and that his murder conviction was a factor Officer Meyers had considered, when he filed his complaint and jury demand. [Dkt. No. 6.] Now, Plaintiff, when faced with the prospect of going before a jury, is attempting to rewrite history and inhibit the jury's ability to "analyze this matter from the perspective of a reasonable officer *facing the same circumstances that Defendant[s] faced.*" (*Pryor*, supra.) Additionally, if the information regarding Plaintiff's status as a registered violent offender and as a documented gang member is not presented to the jury, the jurors would not have a clear picture of what occurred on the night of the incident because the jurors would not have "*all of the information*" the Defendant Officers possessed at the time of Plaintiff's arrest. To "sanitize" this information as Plaintiff suggests is

5

highly prejudicial to Officer Meyers and Officer McCue because it does not put the jury in their shoes, but in the shoes of officers of Plaintiff's creation. As a result, this Court should deny Plaintiff's Motions in *Limine* Nos. 1 & 2.

## PLAINTIFF'S MOTION *IN LIMINE* NO. 6

Plaintiff was charged and convicted of obstructing a peace officer under 720 ILCS 5/31-1- Resisting or obstructing a peace officer, firefighter, or correctional institution employee. Defendants do not deny this, however the difference between "resisting" and "obstructing" is a technical one, which difference is not relevant to the matter at hand and may be confusing to the jury. *See Pryor*, 2023 WL 1100436 at * 28. Moreover, even if the Court grants Plaintiff's motion in limine, such a ruling should not preclude the officers from describing Plaintiff's actions as "resisting." *Id.* (the defendant officer was not prohibited from testifying about what he observed during the incident including whether he thought the plaintiff was resisting arrest and whether the acts the defendant officer saw plaintiff do resulted in his belief that the plaintiff was resisting arrest). Thus, this Court should deny Plaintiff's motion in *limine* No. 6 pursuant to Fed. Rules of Evidence 401 & 403.

## PLAINTIFF'S MOTION *IN LIMINE* NO. 11

Defendants do not disagree that Plaintiff's attorney may interview witnesses. However, Defendants do not believe that, if appropriate, they should be prohibited from asking witnesses about any non-privileged communications they had with Plaintiff's attorneys. Moreover, there is a limiting instruction (which Plaintiff points to in his motion) which outlines that such conversations are appropriate. Thus, this Court should deny Plaintiff's motion in *limine* No. 11.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 13**

The Defendants agree that the police witnesses will not wear medals at trial. Defendants do object to Plaintiff's motion to bar the police officers from wearing uniforms. Courts have permitted police officers to wear their uniforms to testify at trial. See *Patterson v. City of Chicago*, 2017 WL 770991, *13 (N.D. Ill. Feb. 28, 2017); *Wilbon v. Povanich*, No. 12 C 1132, 2016 WL 890671, at *9 (N.D. Ill. Mar. 9, 2016);*Altman v. Helgessen*, No. 10 C 5619, Dkt. No. at 2 (N.D. Ill. May 28, 2014); *Case v. Town of Cicero*, No. 10 C 7392, 2013 WL 5645780, at * 4 (N.D. Ill. Oct. 16, 2013); *Tolliver v. Gonzalez*, No. 10 C 1879, 2011 WL 5169428, at *1 (N.D. Ill. Oct. 31, 2011).

Additionally, Plaintiff appears to want to present the Defendant Officers' performance reviews, to which the Defendants have objected as such performance reviews are irrelevant and prejudicial under Fed. Rules of Evid. 401, 402 and 403. In the event this Court allows Plaintiff to use the Defendant Officers' performance reviews at trial, the Defendants should be allowed to testify regarding any awards or commendations they have received. Thus, this Court should deny Plaintiff's motion in *limine* No. 13.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 20**

Federal Rule of Evidence 602 requires personal knowledge: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of a witness's own testimony." Fed. R. Evid. 602. However, personal knowledge is not only limited to hard facts someone has witnessed. *Plemmons v. Montanez*, 605 F. Supp. 3d 1070, 1077 (N.D. Ill. 2022). Federal Rule of Evidence 701 provides for opinion testimony by lay witnesses: If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally

based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *Plemmons*, 605 F. Supp. 3d at 1077 citing Fed. R. Evid. 701. Although these are important elements that courts must consider, "Rule 701 places great reliance on a party's ability to cross-examine an opponent's witness and present any weakness in the witness's testimony to the trier of fact." *Plemmons*, 605 F. Supp. 3d at 1077 citing *United States v. Allen*, 10 F.3d 405, 414 (7th Cir. 1993). In the law enforcement context, a police officer's testimony is a lay opinion under Fed. Rule of Evid. 701 if it is "limited to what he observed ... or to other facts derived exclusively from [a] particular investigation." *U.S. v. Christian*, 673 F.3d 702, 709 ( 7th Cir. 2012)(citations omitted). *See also United States v. Bard,* 73 F.4th 464, 478 (7th Cir. 2023). Here, the Defendant Officers should be allowed to testify, based on their own experience and training, whether they believed Plaintiff was resisting arrest or whether they believe the force used was reasonable. *See e.g. Clarett v. Roberts,* 657 F.3d 664, 671 (7th Cir. 2011) (officer permissibly testified based on his own experience and training as to plausibility of Taser having discharged as many times and as frequently as printout from its internal memory indicated). Thus, this Court should deny Plaintiff's motion in *limine* No. 20.

## PLAINTIFF'S MOTION *IN LIMINE* NO. 21

Defendants have no intention of having any witnesses participate in any demonstrations at trial. However, the Defendants may use demonstrative exhibits at trial and do not want to be prohibited from using them or having the witnesses interact with said demonstratives. Thus, this Court should deny Plaintiff's motion in *limine* No. 21.

### *Heck v. Humphrey Issue (Defendant MILs 5 & 8)*

Under *Heck v. Humphrey*, a plaintiff may not assert a § 1983 claim that implicates the constitutionality of his conviction or sentence unless he can show that the conviction or sentence has been overturned, expunged, or otherwise invalidated. 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As noted above, "Evidence is relevant if it sets the scene, fills gaps, or sheds light on the broader story. Relevance is not limited to the elements of the claim, or to disputed facts." *Pryor*, 2023 WL 1100436, *4. "Even where evidence is not directly related to a disputed fact, it may be relevant when it provides background information." *Id.* quoting *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012) (holding that putting conduct "in context ... made it relevant"). Rule 401 makes clear that "[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." *Pryor*, 2023 WL 1100436, at *4 quoting Fed. R. Evid. 401 advisory committee's note.

Here, it is undisputed that Plaintiff was convicted of the traffic violations as well as obstruction. The Plaintiff argues that his conviction, including the obstruction conviction, is not relevant to his excessive force claim. Defendants disagree. If evidence regarding Plaintiff's convictions, including the conviction as to obstruction, is not presented to the jury, it would allow the jury to form its own conclusions as to the legality of the stop and the subsequent arrest, resulting in prejudice to the Defendant Officers. Thus, Defendants should be allowed to present evidence that establishes the subject traffic stop was a lawful traffic stop, that Officer Meyers' orders that the Plaintiff exit his vehicle were lawful orders, and that continuing to defy Officer Meyers' lawful orders to exit his vehicle resulted in Plaintiff's obstruction conviction. Moreover, it appears Plaintiff wants to present general evidence to the jury regarding Aurora Police Department traffic

stops, which Defendants have objected to in their Motions in Limine. If allowed by this Court, to balance any such presentation by Plaintiff, Defendants should be allowed to present the above evidence so as to avoid prejudice to the Defendant Officers regarding their specific stop involving Plaintiff. Thus, pursuant to Fed. Rules of Evid. 401, 402 and 403, this Court should allow the evidence above to be presented to the jury

WHEREFORE, Defendants MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA respectfully pray that this Honorable Court enters an order denying Plaintiff's motions in *limine* Nos. 1, 2, 6, 11, 13, 20, & 21 and grant Defendants Motions in Limine 5 & 8 in that the Defendants are allowed to present evidence to the jury that Officer Meyers' traffic stop was a lawful traffic stop, that Officer Meyers' order for Plaintiff to exit the vehicle was a lawful order, and that Plaintiff's behavior led to an obstruction conviction be presented.

                                            Respectfully submitted,

                                            MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA

                                            By:    s/Deborah A. Ostvig
                                                     One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com

## CERTIFICATE OF SERVICE

      I, Deborah A. Ostvig, an attorney, hereby certify that I served the foregoing **Defendants' Responses to Plaintiff's Motions in *Limine* and *Heck* Argument** on all parties of record through the Court's CM/ECF filing system, which will send notification of said filing to all parties of record on March 24, 2025.

                                              MATTHEW THOMAS MEYERS, C. McCUE
                                              and the CITY OF AURORA

                          By:    s/Deborah A. Ostvig
                                              One of Their Attorneys

K:\359 - Gutierrez\Trial\Pre-Trial Order\MILs\Response to P's MILs\Defs' Response to P's Motions In Limine - 03-24-2025.docx

11