IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GUTIERREZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 21 CV 02211 |
| | ) | |
| CITY OF AURORA, AURORA POLICE | ) | Hon. Judge Jeremy C. Daniel |
| OFFICERS MATTHEW THOMAS | ) | |
| MEYERS (# unknown) and C. McCUE | ) | Hon. Mag. Judge Jeffrey Cummings |
| (# unknown), | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' MOTIONS IN LIMINE**

Plaintiff George Gutierrez, by and through his undersigned attorneys, submits the following responses to Defendants' motions *in limine*. In support thereof, Plaintiff states as follows:

**Response to Defendants' Motion *in Limine* No.1**
**To Exclude Irrelevant Evidence Related to Any Alleged Widespread Misconduct of the Aurora Police Department or its Officers**

Defendant's first motion *in limine* seeks to bar evidence of alleged widespread misconduct among the Aurora Police Department ("APD"). Plaintiff does not dispute the brunt of this motion—that allegations of widespread misconduct in the Aurora Police Department ("APD") or its officers are inadmissible as to his claims against Defendant Officers. Plaintiff does oppose this motion, however, to the extent that it would operate to prevent Plaintiff from discussing prior occasions during which Aurora police department officers stopped *him* in traffic.

Testimony about APD's prior stops of Plaintiff are relevant to Plaintiff's mental state, actions, and motivations during the incident in question. Plaintiff does not seek to offer evidence or argument resembling *Monell* widespread practice liability of the "read between the lines" vein referenced in Defendants' motion (Dkt. 80 at p. 2), but Plaintiff also should not be limited in his

1

ability to explain his *own* actions on the day in question. The jury may wonder, fairly, why Plaintiff didn't simply exit his vehicle on the evening of April 26, 2020. The absence of this testimony would stymie the truth-finding purpose of a trial when the (previously disclosed) reasons for Plaintiff's actions are based on his lived experiences during prior APD traffic stops. Testimony to this effect will not be unduly prejudicial because Plaintiff does not claim that any previous stops were instances of misconduct attributable to these Defendant Officers. Furthermore, the jury will be instructed (if the Court gives the parties' agreed pattern instruction) that it cannot find the Defendants liable for the actions of another officer.

Plaintiff does not intend to offer evidence or argument regarding the prior stops for propensity purposes. *See* Dkt. 80 at 3. There is no dispute that these Defendant Officers have never stopped Plaintiff before, and the City of Aurora is a Defendant only for indemnification purposes, so it is difficult to see how testimony about Plaintiff's prior traffic stops could suggest propensity on the part of any party. Regardless, because Plaintiff does not oppose the portion of this motion that seeks to bar evidence of "widespread misconduct" by APD or its officers, and does not intend to introduce any such argument or evidence, there is no risk of a propensity-by-association outcome, particularly because the prior stops did not involve Defendant Officers.

### Response to Defendants' Motion in Limine No.2
### To Exclude Evidence Related to the Defendant Officers' Use of Force
### Prior to and After This Incident

Plaintiff does not dispute that the central issue in this lawsuit for determination by the triers of fact is whether the Defendant Officers' use of force was excessive. Plaintiff does not intend to elicit testimony as to Defendant Officers' prior uses of force as police officers to prove they acted in accordance with their prior conduct or a propensity to engage in violence. Plaintiff can, however, foresee potential testimony as to Defendant Officers' training and experience as police officers as

it pertains to uses of force (Defendants are seeking to introduce the police department's use of force policy).

And, while the officers' subjective intent and motivation are irrelevant for purposes of liability, Plaintiff is seeking punitive damages, making Defendants' prior experiences with and understanding of appropriate force potentially relevant. Evidence of prior and subsequent use of force may be used to demonstrate that Defendants were aware of the force to be used in various circumstances and knowingly and deliberately exceeded those bounds in this case. Any potential juror confusion or prejudice to Defendants can be cured with a limiting instruction.

### Response to Defendants' Motion in Limine No. 3
### To Exclude Evidence Related to Testimony Regarding Prolonged Traffic Stops and/or Violence or Death Resulting From Such Traffic Stops

Plaintiff agrees that Plaintiff's witnesses will not offer testimony about prolonged traffic stops or death resulting from such traffic stops. However, if Defendants open the door by asking about the danger of traffic stops to officers generally, their nervousness around conducting the traffic stop of Mr. Gutierrez, or their fears for their own safety, Plaintiff should be allowed to testify as to his knowledge of the dangers of police traffic stops.

Respectfully submitted,

s/Daniel Massoglia

Daniel Massoglia
Hannah C. Marion
First Defense Legal Aid
601 S. California Avenue
Chicago, IL 60612
336-575-6968
daniel@first-defense.org
hannah@first-defense.org

Amanda Yarusso
1180 N. Milwaukee Ave
Chicago, IL 60642
773-510-6198
amanda.yarusso@gmail.com
*Attorneys for Plaintiff*