IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GUTIERREZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2021 CV 02211 |
| | ) | |
| CITY OF AURORA, *et al.*, | ) | Hon. Judge Jeremy C. Daniel |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON DEFENDANTS' MOTIONS IN LIMINE**

The parties dispute the relevance of the outcome of the criminal case against Plaintiff and the scope of the application of *Heck v. Humphrey*, 512 U.S. 477 (1994) as it pertains to the excessive force claim to be tried before the jury in this case.[1]

This Court noted in its summary judgment Opinion denying, in part, Defendants' motion and allowing the excessive force claim to proceed, that "[t]he [*Heck* bar] is intended to prevent 'collateral attack on [a] conviction through the vehicle of a civil suit.'" Dkt. 65 at p. 5-6 (quoting *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006) and *Heck*, 512 U.S. at 484). Plaintiff will not be eliciting testimony or offering argument that would collaterally attack his criminal conviction by "necessarily implying [its] invalidity" via this separate civil suit. *Heck*, 512 U.S. at 487. Defendants seek to go even further – on top of preventing Plaintiff from challenging the criminal court's findings, Defendants intend to elicit testimony and argue that Defendants' actions in stopping Plaintiff and ordering him to exit the vehicle were determined to be lawful, and that Plaintiff was convicted of obstructing. These are all irrelevant to the excessive force claim. Defendants' professed fear that the jury will speculate as to the legality of the stop or arrest is

---

[1] Defendants' Motions in *Limine* No's 5 and 8 seek to bar "testimony that invalidates Plaintiff's criminal conviction, including whether the officers had probable cause to stop the Plaintiff, whether the Plaintiff was obstructing, whether Plaintiff made an illegal turn (and the converse, that Plaintiff made a legal turn), and whether the officers had the right to ask Plaintiff to get out of the car," and testimony or argument that the criminal court's determination was incorrect.

unwarranted and not a proper basis to introduce this category of evidence. Defendants may testify about the observed traffic infraction and why they ordered Plaintiff out of his car and detained him. Plaintiff can not challenge the legal basis to the extent it conflicts with the criminal court findings. But there is no judicial holding that the *Heck* doctrine *requires* the introduction of the subsequent criminal conviction or the criminal court's reasoning in an excessive force claim, and the relevant case law supports excluding it.

This Court should likewise exclude the criminal findings and outcome. First, the outcome and findings of the criminal court are squarely irrelevant to the use of force determination. The principal question the jury has to answer is whether the force used by Defendants was objectively reasonable, which is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Plaintiff's later criminal conviction was not something that Defendants could have considered at the time of the force because it had not happened yet. As such, it has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Deering v. Reich*, 183 F.3d 645, 650 (7th Cir. 1999) (totality of circumstances in excessive force cases "includes information which the officer had at the time of his actions, but not information uncovered later"); *Berardi v. Vill. of Sauget*, 05-CV-0898-MJR, 2007 WL 433542, at *2 (S.D. Ill. Feb. 6, 2007) (excluding fact of conviction as irrelevant in *Heck*-implicated excessive force case); *Casares v. Bernal*, 790 F. Supp. 2d 769, 786 (N.D. Ill. 2011) (applying *Heck* but noting that "[w]hether the added fact of the conviction will be introduced at trial will turn on how Plaintiffs present their case…"); *Jones v. Police Officer Omarlo Phillips*, 15-CV-51, 2017 WL 1292376, at *4 (E.D. Wis. Apr. 6, 2017) (granting motion to exclude conviction in excessive force case). The same is true of the criminal

court's findings or comments about to the legality of the traffic stop and order to exit the vehicle (which are also inadmissible hearsay).

Any arguable relevance of the criminal court's conviction and findings is vastly outweighed by the danger of unfair prejudice to Plaintiff (Fed. R. Evid. 403). This evidence would improperly influence the jury to automatically conclude that *all* Defendants' actions were justified (based on the criminal court's approval of some of their actions) or that Plaintiff deserved what happened to him because he was found guilty of a crime. The consequence of obstructing a peace officer is not "street justice" in the form of police violence, and Defendants should not be permitted to confuse the jury with evidence that could engender such a prejudice, particularly because the legality of the conviction, stop, order and detention a) will not be challenged by Plaintiff and b) do not assist the jury in determining whether the use of force was reasonable.

Respectfully submitted,

/s/Daniel E. Massoglia

Daniel Massoglia
Hannah C. Marion
First Defense Legal Aid
601 S. California Avenue
Chicago, IL 60612
336-575-6968
daniel@first-defense.org
hannah@first-defense.org

Amanda Yarusso
1180 N. Milwaukee Ave
Chicago, IL 60642
773-510-6198
amanda.yarusso@gmail.com

*Attorneys for Plaintiff*

3