UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| GEORGE GUTIERREZ, | |
|---|---|
| Plaintiff | |
| v. | No. 21-cv-02211 |
| MATTHEW THOMAS MEYERS and CORY McCUE, | Judge Jeremy C. Daniel |
| Defendants | |

## ORDER

This minute entry concerns the final pretrial conference. The Court has sent the following to the parties via email: (1) draft jury instructions; (2) draft preliminary instructions; and (3) draft voir dire questions. The parties may file objections, corrections, or proposed modifications to the draft voir dire questions on or before April 18, 2025. The Court will hear any objections, corrections, or proposed modifications to the draft jury and preliminary instructions on April 21, 2025; the Court will finalize jury instructions at the final jury instruction conference that will take place at or near the close of all evidence. The Court notes that neither party submitted proposed instructions on the plaintiff's state-law battery claim, even though the parties included the battery claim in their proposed statement of the case. If the parties intend to present the plaintiff's battery claim to the jury, they must submit proposed jury instructions on the battery claim on or before April 18, 2025. The attached order summarizes the Court's rulings on the parties' respective motions in *limine*; the Court provided its reasoning during the final pretrial conference.

### STATEMENT

| Motion in *Limine* | Ruling |
|---|---|
| Plaintiff's # 1 | Granted; the defendant's withdrew their opposition in light of the Court's decision to inform the jury that the traffic stop and exit order were lawful. |
| Plaintiff's # 2 | Granted; the defendant's withdrew their opposition in light of the Court's decision to inform the jury that the traffic stop and exit order were lawful. |
| Plaintiff's # 6 | Denied without prejudice; the defendants represented that they do not intend to introduce evidence that the plaintiff was charged with or convicted of resisting arrest but anticipate |

|  | that the defendants will characterize the plaintiff's conduct as resisting. |
|---|---|
| Plaintiff's # 11 | Denied without prejudice. |
| Plaintiff's # 13 | Denied without prejudice as to medals and commendations as the defendants argued this is contingent on the plaintiff introducing the defendants' performance reviews. Denied as to uniforms; the defendants may wear their uniforms without medals. |
| Plaintiff's # 20 | Denied without prejudice. The defendants may testify about their training, to include training on the use of force, and whether their use of force was consistent with that training. The defendants may not opine on the ultimate issue, which is whether the force used was reasonable. |
| Defendants' # 1 | Denied without prejudice. The plaintiff may testify about any concerns that influenced his decision to remain in his car during the traffic stop. |
| Defendants' # 2 | Granted. The plaintiff withdrew his objection, subject to the defendant opening the door to evidence concerning the defendants' past misconduct. |
| Defendants' # 3 | Taken under advisement, in part because it is unclear how the plaintiff intends to introduce evidence concerning violence or death resulting from prolonged traffic stops. |

Date: April 11, 2025

JEREMY C. DANIEL
United States District Judge