**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 1:21-cv-02211 |
| | ) | |
| CITY OF AURORA, AURORA POLICE | ) | Honorable Jeremy C. Daniel |
| OFFICERS MATTHEW THOMAS | ) | |
| MEYERS (# unknown) and C. McCUE | ) | |
| (# unknown), | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME Defendants by and through their attorneys, MICHAEL E. KUJAWA and DEBORAH A. OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., and pursuant to Federal Rule of Civil Procedure 50(a), request that this Court enter an order for judgment as a matter of law and state as follows:

## INTRODUCTION

Officer Meyers and Officer McCue, dealing with Plaintiff's continuous non-compliant behavior, were forced to make a split-second decision in tense, uncertain and rapidly evolving circumstances. Because Plaintiff refused to exit his car, the Officers had to forcibly remove him to effectuate his arrest. The Officers use of force in those circumstances was reasonable and thereby passes scrutiny under both a Fourth Amendment and a qualified immunity analysis requiring dismissal of Plaintiff's claim for excessive force. As such, this Court should grant Defendants' motion for judgment as a matter of law.

## RELEVANT EVIDENCE PRESENTED AT TRIAL

The Defendants hereby reference and incorporate all testimony and other evidence submitted to the Jury during the case as though fully set forth herein, although the corresponding trial transcripts and other documents are not attached hereto due to logistical limitations.

## LEGAL STANDARD UNDER RULE 50(a)

Federal Rule of Civil Procedure 50(a) states: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. Pro. 50(a). F.R.C.P. 50(a) allows the district court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result. *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000).

In determining whether to resolve an issue as a matter of law, the district court must consider all of the evidence, not just the evidence that is favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). "In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves*, 530 U.S. at 150. Evidence supporting the moving party can be considered insofar as it is uncontroverted, unimpeached, and from disinterested witnesses. *Id.* at 151. The applicable standard of review mirrors that of summary judgment, except that instead of considering the fruits of discovery, the court considers the evidence presented at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**ARGUMENT**

**I.      The Officers' Use of Force Was Reasonable Under the Fourth Amendment.**

Plaintiff's excessive force claim fails because the evidence demonstrates that Defendant Officers' use of force was reasonable.

A claim that a law enforcement officer used excessive force when effectuating an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). An officer's determination of the appropriate level of force to use must be measured from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) *citing Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)(the facts of the matter should not be viewed with hindsight's distorting lens).

When assessing whether the amount of police force was reasonable, the court looks to circumstances indicating (1) the severity of the suspected crime, (2) whether the suspect posed an immediate threat to the officer on the scene or other, and (3) whether the suspect was actively resisting or attempting to evade arrest. *Avina v. Bohlen*, 882 F.3d at 678. *See also Graham v. Connor*, 490 U.S. 386, 396 (1989). The court's goal in examining these factors is to determine whether the force used to seize the suspect was excessive in relation to the danger he posed if left unattended. *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (citation and quotations omitted). If the undisputed material facts establish that the officer acted reasonably under the circumstances, the court must resolve the issue as a matter of law, rather than allow a jury to "second-guess" the officer's action. *Id.* (citing *Bell v. Irwin*, 321 F.3d 637, 640 (7th Cir. 2003)). Analysis of excessive-force claims is an objective one based on the information the officers had at the time. *Id.*

The totality of the circumstances, including the pressures of time and duress, and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances must be considered. *Horton v. Pobjecky, et al*, 883 F.3d 941, 948 (7th Cir. 2003). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Nabors v. City of North Chicago,* 2021 WL 5493234, *8 (N.D. Ill. 2021)(slip copy) *citing Graham*, 490 at 396–97, 109 S.Ct. 1865.

The undisputed facts in this matter demonstrate that the Defendant Officers' use of force was reasonable. At the time of the incident, Plaintiff, for almost the entire duration of their interaction, had been non-compliant. Plaintiff refused to exit his vehicle even after being ordered to do so at least 13 times. Plaintiff also failed to stop rolling up his window when ordered to do so. Even after his car window had been broken, Plaintiff again refused to exit his vehicle.

It was under this set of circumstances that Officer Meyers unlocked the vehicle, and the Defendant Officers made the split-second decision to remove Plaintiff from his vehicle and to push him against a van to assist in handcuffing him. Based on these facts, the Defendant Officers use of force was reasonable. *See e.g. Nabors v. City of North Chicago,* 2021 WL 5493234 (N.D. Ill. 2021)(slip copy)(the court found the officers' use of force was reasonable where the amount of physical force used by the defendant officers was brief and tailored to the objective of handcuffing the plaintiff.) *See also Williams v. Brooks*, 809 F.3d 936 (7th Cir. 2016)(reasonable amount of force was used when plaintiff refused to follow the defendant officer's orders.) Thus, based on the above, this Court should grant the Defendants' motion for judgment as a matter of law.

4

## II.     Officers Meyers and McCue are Entitled to Qualified Immunity

Moreover, Officers Meyers and McCue are entitled to qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Armstrong v. Daily*, 786 F.3d 529, 538 (7th Cir. 2015) citing *Pearson v. Callahan*, 555 U.S. at 231, 129 S.Ct. 808, quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine if the defendants are entitled to qualified immunity, courts ask two questions: (1) whether "the facts alleged show the officer's conduct violated a constitutional right," and (2) whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Armstrong*, 786 F.3d at 538 citing *Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), modified on other grounds by *Pearson*, 555 U.S. at 236, 129 S.Ct. 808 (allowing courts discretion to conduct two-step inquiry in sequence better suited to particular case); accord, *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir.2012).

Here, the Defendant Officers are entitled to qualified immunity because Plaintiff has failed to demonstrate that Defendant Officers violated their constitutional rights under Section 1983 when they used force to handcuff Plaintiff. As noted above, at the time of the incident, Plaintiff refused to exit his vehicle when ordered to do so. Plaintiff also failed to stop rolling up his window when ordered to do so. Even after his car window was broken, Plaintiff again refused to exit his vehicle. It was under this set of circumstances that Officer Meyers unlocked the vehicle, and the Defendant Officers made the split-second decision to remove Plaintiff from his vehicle and to push him against a van to assist in handcuffing him. Thus, under these circumstances, Officers Meyers

and McCue are, at the very least, entitled to qualified immunity and this Court should grant Defendants' motion for judgment as a matter of law.

### III. Because Defendant Officers Meyers and McCue are not liable to Plaintiff, the City of Aurora is not liable to Plaintiff.

Under Illinois Law, a municipality is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See* 745 ILCS 10/2-109; 745 ILCS 10/2 2-302; 65 ILCS 5/1-4-6. As Plaintiff has failed to prove his claims against Officers Meyers and McCue, he fails to prove his claims against the City of Aurora. Thus, this Court should grant Defendants' motion for judgment as a matter of law.

WHEREFORE, Defendants, MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA, respectfully pray that this Honorable Court grant their motion for judgment as a matter of law.

Respectfully submitted,

MATTHEW THOMAS MEYERS, C. McCUE and the CITY OF AURORA

By:   s/Deborah A. Ostvig
          One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com
K:\359 - Gutierrez\Trial\MDV\Defendants' MDV.docx